## GADDY v. REPUBLIC INS. CO. et al.
## No. 2457.

Court of Civil Appeals of Texas. Beaumont.
Sept. 24, 1934.

Rehearing Denied Oct. 10, 1934.

C. A. Lord and Sonfield & Sonfield, all of Beaumont, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for Republic Ins. Co.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for Gulf Ins. Co.

Thompson, Knight, Baker · & Harris, of Dallas, for Fidelity-Phenix Fire Ins. Co.

O'QUINN, Justice.

Plaintiff in error, conducting an insurance agency under the name of "Homer Gaddy Insurance Agency," filed this suit against defendants in error, Republic Insurance Company, Gulf Insurance Company, and Fidelity-Phenix Fire Insurance Company, insurance companies of which he was local agent, for damages for alleged injuries to his insurance business. He alleged that each of the defendants in error was engaged in the fire and tornado insurance business, and in writing fire and tornado insurance policies in the state of Texas, and in other states, and had many agents and representatives in the state of Texas and other states; that about January 1, 1918, he established in the city of Beaumont, Tex., a general insurance business and conducted same under the name of "Homer Gaddy Insurance Agency," which business he had continuously conducted since said date, the larger part of which said business was the writing of fire and tornado insurance; that he devoted himself to a study of said business, and gave his time and energy thereto, and expended large sums of money in developing and building up same; that prior to December 1, 1931, said business had become and was thoroughly established, and was large and profitable; that in the conduct of said business it was necessary for him to become the local agent and representative of other and different insurance companies issuing like character of insurance; that without representation of several such companies it was impossible to operate a business sufficient in volume to make a reasonable profit and to satisfy those desiring to procure such insurance, and that upon and since establishing his said business he became the local agent and representative of a number of such fire and tornado insurance companies and, as such, issued a large number of such policies in the different companies which he represented; that on and prior to December 1, 1931, he had a large number of regular patrons who, when their fire and tornado insurance policies expired, would have him renew same; that his said business and all business of like character was dependent for profit, in a large measure, upon such renewal policies; that on December 1, 1931, and before, his said business had become so well established and favorably known and the good will thereof had so increased that it was an established business and there was reasonable certainty that it would yield the same and increased profits from year to year.

He further alleged that on December 1, 1931, and for several years prior thereto, he was the local agent of each of the defendant insurance companies, and had, as such local agent, issued prior to said date a large number of fire and tornado insurance policies in said different insurance companies, and had established a large volume of insurance business for each of same which policies were on said date in full force and effect; that though he represented all of said companies, each actively competed with the other for the business written by him; that he, as such agent, received as compensation certain commissions out of the premiums arising out of the issuance of each policy; that upon the issuance of a policy in any of the said insurance companies he became liable to such company for the amount of the premium and was required to remit to the respective companies such premiums less his commission at stated times; that by reason of the manner in which the said business was required to be conducted in reference to the collection and remittance of premiums, he was at all times more or less indebted to each of the defendant insurance companies; that when those to whom policies were issued by him could not or did not pay the premiums therefor within the time he was required to remit same, he was required to pay same out of his own funds,

and for this reason and because of necessary expenses in the conduct of the business, it was necessary that he have a line of credit in a local bank or banks, and on said December 1, 1931, and for years prior thereto, he had such line of bank credit in the city of Beaumont.

He further alleged that in addition to the defendant insurance company he was the local agent and issuing fire and tornado insurance policies for the State Assurance Company, Limited, of Liverpool, England, the Sun Insurance Office of London, England, the Pacific American Insurance Company of Los Angeles, Cal., and the Central Fire Insurance Company of Baltimore, Md.; that each of the defendant companies and all of the above-named insurance companies were stock companies, and that he was also the local agent of one mutual fire and tornado company; that practically all of the insurance written and the policies issued by him was in the defendant companies as those desiring insurance preferred that the insurance be with stock companies.

He further alleged that during the month of November, 1931, the defendant companies without justifiable cause and unlawfully and with malicious intent, entered into a conspiracy and combination to obstruct, molest, hinder, and prevent him from carrying on his fire and tornado insurance business, and to destroy or injuriously affect and impair the same and the other insurance business conducted by him, through and by an agreement and/or understanding between said defendants to at the same time suspend his agency and representation of said defendants, and by prohibiting him from issuing further policies of insurance in any of said companies, and by inducing and seeking to induce other fire and tornado insurance companies represented by him to join and act in concert with said defendant companies by at the same time suspending his agency and prohibiting him from issuing further policies in said companies, and by giving him notice to this effect on the same day; and further to prevent him from procuring the agency of other companies issuing fire and tornado insurance policies.

He further alleged that said defendant companies, to wit, Fidelity-Phenix Insurance Company, the State Assurance Company, Limited, and Sun Insurance Office of which he was then and there the local agent, did during the month of November, 1931, with the design and for the purposes above alleged, enter into a combination and did agree one with the other to suspend plaintiff's agency and representation in said companies, and to prohibit him from issuing further policies of insurance, such suspension and prohibition to take place at the same date; and to induce other insurance companies of which he was the local agent to combine and act in concert with said companies and to suspend his agency at the same time; and, further, that if mistaken in this, then that the defendant Fidelity-Phenix Insurance Company having determined with the design and for the purposes above alleged to suspend his agency on December 1, 1931, and to prohibit him from issuing policies in said company from said date, communicated this determination to the State Assurance Company, Limited, and the Sun Insurance Office, for the purpose and with the intention of inducing said companies to act in concert with it in suspending his agency and representation of said companies on same date, said defendant Fidelity-Phenix Insurance Company well knowing and intending that the communication of its determination to suspend and terminate his agency with the two said companies would result in said companies taking like action, and that said State Assurance Company, Limited, and Sun Insurance Office were so induced by said Fidelity-Phenix Insurance Company to and did take like action, and said companies did agree to and did act in concert with said defendant in respect to the suspension of his said agency, for the purposes and with the intent above stated, and said companies did agree to and did act in concert with the defendant Fidelity-Phenix Insurance Company in inducing and seeking to induce the other insurance companies of which he was the local agent to join them in such conspiracy and combination through concerted suspension of his agency for the purpose of injuring his said insurance business and destroying same as alleged; that said Fidelity-Phenix Insurance Company, and the State Assurance Company, Limited, and the Sun Insurance Office thereafter solicited and induced the other defendants herein to join in said conspiracy and combination and to effect same by suspending and terminating his said agency in said companies at the same date and to prohibit him from issuing further policies in such companies for the purpose of injuring and destroying his said insurance business.

He further alleged that if mistaken in this, he then alleged that said Fidelity-Phenix Insurance Company, and the State Assurance Company, Limited, and the Sun Insurance Office communicated to the other defendants

herein their determination to so suspend his agency in said respective companies with a view and for the purpose of inducing the other defendant companies to take like action, well knowing and intending that the communication of such determination of the defendant Fidelity-Phenix Insurance Company, and the other defendant insurance companies in this respect, would result in like action being taken by said other defendant companies and their acting in concert, and thereby said other defendant companies were induced to and did act in concert with the defendant Fidelity-Phenix Insurance Company, the State Assurance Company, Limited, and the Sun Insurance Office, in carrying into effect said conspiracy and combination with the design and for the purposes above alleged.

He further alleged that in the furtherance of said unlawful conspiracy and combination, and as a part thereof, and to effect and accomplish the purposes alleged, said defendants acting in concert, did on December 1, 1931, suspend their respective agency contracts with him, and did discontinue his said agency as representative of said defendants, and did prohibit him from issuing further insurance policies or renewals in the respective companies after said date; and that said defendants, acting in concert one with the other, and with the understanding one with the other so to do, and with the purposes alleged, severed their connections with him at the time and in the manner aforesaid, and since said date have refused to accept any insurance business tendered by him; that the State Assurance Company, Limited, and the Sun Insurance Office likewise on said date, December 1, 1931, in pursuance of their agreement with the defendants herein suspended plaintiff's agency with and in said companies, but shortly thereafter said companies concluded that such action was unwarranted and reinstated him as their local agent as before, and for some time thereafter he continued to act as such.

He further alleged that the wrongful, unlawful, and malicious acts done by the defendant insurance companies, in concert and combination with each other, were calculated to and did greatly injure and affect his said insurance business, and did practically destroy his fire and tornado insurance business; that said acts were calculated to and did greatly affect and injure his business reputation and financial credit, and that the defendants and each of them expected and intended their said acts to so injure and affect his said business, and to practically destroy his fire and tornado insurance business, and to injuriously affect his credit and business reputation, and that everything that was done by the defendants as alleged, was done for the purpose of injuring and destroying his said business, his credit, and his business reputation; and, further, that each of said defendants maliciously and without justification and with the intent of accomplishing the injuries and damage alleged to him, participated therein by performing jointly and severally the acts and things by him complained, thereby creating a situation which was calculated to and the immediate effect of which was to so injure and affect his business, credit, and business reputation, and cause him great humiliation, mental distress, and suffering; and in each and all of the respects aforesaid the defendants, and each of them, were moved and actuated by actual malice and malicious intent and purpose.

He further alleged that the wrongful, unlawful, and malicious acts of the defendants were calculated to and did cause him to lose a great amount of the patronage and good will which he had built up and established through his many years in the insurance business, and that he had been unable to reinstate a large part of said business lost thereby; that said wrongful and malicious acts of said defendants caused and prevented him from obtaining the agency and representation of other insurance companies issuing fire and tornado insurance, and that the defendants, and each of them, by their said unlawful acts and combination, knew and intended that such should be the effect, and that on account of said acts of the defendants he had not been able to procure the agency and representation of other insurance companies issuing fire and tornado insurance policies, so as to enable him to properly and successfully carry on his said insurance business, thereby greatly injuring, adversely affecting, and practically destroying his said business; and that he has not and will not be able to carry on his said insurance agency and business with profit as before.

He further alleged that the acts, conduct, and the agreements of and between the defendants so acting in concert and combination, as alleged, are and were in violation of the statutes of the state of Texas known as the Anti-Trust Laws of the state, being article 7426 et seq. of the Revised Statutes of 1925; that said acts, agreements, and combination of said defendants constituted a trust prohibited by said statutes; that said combination created and/or carried out restrictions in aid to commerce and restrictions in the free pursuit by him of his insurance

business as an agency, same being a business authorized and permitted by the laws of the state; that said combination prevented or lessened competition in the business of insurance and precluded a free and unrestricted competition among said defendants in the business of insurance; that such combination and acts being prohibited by law were unlawful, resulting in damage to him, as alleged, and for which damage he was and is entitled to recover of and from said defendants, and each of them. He alleged that by reason of the premises he had suffered actual damages in the sum of $75,000, and because of actual malice on the part of the defendants in so acting, he was entitled to exemplary damages in the sum of $50,000, for all of which he prayed judgment.

We shall not set out at length the matters pleaded by defendants but will say that each defendant, the Fidelity-Phenix Fire Insurance Company, the Gulf Insurance Company, and the Republic Insurance Company, filed answer consisting of a general demurrer, various special exceptions, general denial, and various special defensive pleas. The respective special pleas denied that there was any conspiracy or combination or concert of action on the part of the defendants as alleged by plaintiff; but that if there had been or was such combination, that same was in pursuance of a lawful purpose, and the acts done thereunder were in the legitimate furtherance of the respective interests of the defendants, and could not be the basis of any cause of action against them. They each further specially pleaded that they acted independently, and upon the invitation of plaintiff to terminate their business relations with him as contained in a letter from him of date September 25, 1931; and that he was estopped by his own acts and conduct in the premises from asserting damages against them; and further, denying any damages, if he was damaged, that his own conduct was the proximate cause thereof.

The case was tried to a jury, but after plaintiff had concluded the introduction of his evidence, at request of the defendants, the court instructed the jury to return a verdict for the defendants, which was done, and judgment entered accordingly. This appeal is from that judgment.

■ In view of our conclusion that the judgment should be reversed as to the defendants Fidelity-Phenix Insurance Company and the Gulf Insurance Company, we shall not set out, summarize, or discuss in detail the evidence disclosed by the record, but will say that in our opinion it tends to support the issues raised by plaintiff in error's pleading, and that being issues of fact, the truth of the allegations and issues raised by the evidence were questions of fact to be found by the jury, and the instructed verdict and judgment as to said defendants was error.

Plaintiff in error's fourth, fifth, and sixth propositions complain that the instructed verdict and judgment was wrong because the acts of defendants in pursuance of their agreed understanding and combination for concert of action against him, as alleged, were in violation of the anti-trust laws of the state of Texas, and that said issue so alleged was raised by the evidence, and should have been submitted to the jury for their finding.

We think that there can be no question but that plaintiff's petition alleged acts by the defendants, which, if committed by them, constituted a violation of the anti-trust laws of the state. It would not be proper for us to set out or discuss in detail the evidence. It is sufficient to say that in our opinion there is ample evidence in the record raising the issue alleged both as to the agreement to act and concert of action by defendants affecting plaintiff's insurance business and in contravention of the anti-trust laws of the state. The purpose of the concerted acts of defendants, as alleged by plaintiff, if his theory of the case is correct, was to destroy his insurance business, or at least to seriously injure same. Whether this be true was a question of fact for the jury. And further, if the jury should find upon another trial that the alleged combination existed, we think same was in violation of subdivisions 3 and 5 of article 7426, Revised Statutes 1925, the Anti-Trust Act of 1903. Griffin v. Palatine Ins. Co. (Tex. Com. App.) 238 S. W. 637. See, also, North Texas Gin Co. v. Thomas (Tex. Civ. App.) 277 S. W. 438; Potomac Fire Ins. Co. v. State (Tex. Civ. App.) 18 S.W.(2d) 929, 934; Eastern States Retail Lumber Dealers' Ass'n v. United States, 234 U. S. 600, 34 S. Ct. 951, 58 L. Ed. 1490, L. R. A. 1915A, 788; San Antonio Gas Co. v. State, 22 Tex. Civ. App. 118, 54 S. W. 289 (writ refused).

■ But it is insisted by defendants in error that no violation of the anti-trust laws is shown, because the acts done by them were in good faith for the protection of their several interests. This contention is not sound. If the agreement for concerted action, and combination to act, in fact was had and done, then the question of good faith is not material. In the Palatine Insurance Company

Case, supra, the purpose of the agreement was an endeavor to protect the members of the combination against what they deemed a bad risk. In the Potomac Fire Insurance Company Case, supra, the purpose was to protect the members of the combination against unfair competition for agents' business. In the Retail Lumber Dealers' Association Case, supra, the purpose was to protect the retail trade against invasion by wholesalers. In each of these cases the purpose of the act was recognized by the court as good and that each of the members of the combination, acting alone, could have performed the act complained of, but that combination by and between those having the right to act individually was inhibited by the statute. In other words, was the doing of a lawful thing in an unlawful manner. It may be true, as contended by defendants in error, that in taking the action they did in reference to the suspension of plaintiff's insurance agency and refusing to accept further insurance business from him, they were not actuated by malice or with any intent to injure him. Nevertheless, if they acted by agreement and in concert, and by combination, their acts were in violation of the anti-trust laws, and the lack of malicious intent or of injury to plaintiff is no defense. 41 C. J. 125; 19 R. C. L., pp. 117, 118, § 88; San Antonio Gas Co. v. State, 22 Tex. Civ. App. 118, 54 S. W. 289 (writ denied); International Harvester Co. v. Missouri, 234 U. S. 199, 34 S. Ct. 859, 58 L. Ed. 1276, 1281, 52 L. R. A. (N. S.) 525.

We think the judgment in favor of the defendant Republic Insurance Company should be affirmed. The record discloses that this defendant did not in any way initiate the matters complained of by plaintiff, but was invited to confer with the other defendants, but was not present by any representative at any conference when the determination was reached to suspend the agency of plaintiff and to withdraw business from him. While it is true that the other defendants, when they decided to suspend and terminate plaintiff's agency with them, and to refuse any further business relations with him, communicated to this defendant their decision and the time at which said action would be taken, and that it also communicated with plaintiff relative to his agency with it, yet it did not wholly suspend his agency, but advised plaintiff not to issue further policies in that company until and when he had remitted to it the balance of several hundred dollars that he owed it for premiums on past issued policies that was

considerably overdue. It thus left his agency in existence and evidenced a willingness to have future business relations with him after he paid it the balance due. It never completely severed its contractual relations with plaintiff, but merely temporarily postponed the issuance of further and additional insurance policies pending payment of its past due debt. This being the nature of the act of this defendant, we think it falls short of supporting plaintiff's allegations of unwarranted, malicious, and concerted action to finally and fully suspend and terminate his agency with it, for the purpose of injuring and damaging him in his business and business reputation.

As above indicated, the judgment should be affirmed in part and reversed and remanded in part, and it is so ordered.