GULF INSURANCE COMPANY (FIDELITY-PHENIX FIRE INSURANCE COMPANY) V. J. H. GADDY.

No. 6845.  Decided March 31, 1937.
Rehearing overruled May 19, 1937.
(103 S. W., 2d Series, 141.)

482

*Touchstone, Wight, Gormley & Price, Thompson, Knight, Baker & Harris, Smithdeal, Shook, Spencer & Bowyer, George S. Wright, Worsham, Burford, Ryburn & Hincks, Allen Charlton* and *R. B. Holland,* all of Dallas, *Steve M. King,* of Beaumont, for plaintiffs in error.

Plaintiff Gaddy having stated his financial condition to his companies and having invited each of the companies to his office to investigate and suspend or cancel his contracts, had no cause of action against any of them, and the cancellation of the agency of each company being its own act in the promotion of its own business interest and not with the intention of injuring his business, such action on the part of the companies was legal and did not furnish any grounds for complaint that it was a result of conspiracy. Connolly v. Union Pipe Line Co., 184 U. S. 554, 46 L. Ed. 688; Beatrice Creamery Co. v. Cline, 9 Fed. (2d) 176; Billings v. Illinois, 188 U. S. 97; Neill v. Keese, 5 Texas 23; Lovett v. Simmons, 29 S. W. (2d) 1021.

*C. A. Lord* and *Sonfield, Sonfield & Murphy,* all of Beaumont, for defendant in error.

Plaintiff was entitled to recover against the Fidelity-Phenix Fire Insurance Company because the evidence established or raised the issue that said company, without justifiable cause, hence maliciously, induced the other defendants to cancel or suspend their agency contracts with plaintiff and refused to do business with him to his damage. Brown v. American Freehold Land Mortgage Co., 97 Texas 599, 80 S. W. 985; San Antonio Gas Co. v. State, 54 S. W. 289; Texas Pub. Utility Corp. v. Edwards, 99 S. W. (2d) 420; 41 C. J. 111, 127.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, J. H. Gaddy, brought this suit against Republic Insurance Company, hereinafter called Republic, Fidelity-Phenix Fire Insurance Company, hereinafter called Fidelity-Phenix, and Gulf Insurance Company, hereinafter called Gulf, alleging a combination or conspiracy between the three named companies and State Assurance Company, hereinafter called State, and Sun Insurance Company, hereinafter called Sun, in violation of the anti-trust statutes to terminate their agency contracts with him, as a result whereof his business suffered injury. The State and the Sun were not made parties defendant. This for the reason that they reinstated the agency for their companies shortly after suspending same. The petition sought actual damages in the sum of $75,000.00 and exemplary damages in the sum of $50,000.00. In the trial court the jury returned a verdict against the plaintiff and for the defendants in obedience to a peremptory instruction. Gaddy removed the case to the Court of Civil Appeals at Beaumont by writ of error and that court affirmed the judgment of the trial court in so far as it related to the Republic, but reversed that judgment and remanded the cause for retrial as between Gaddy and the other two defendants. 74 S. W. (2d) 728.

Separate applications for writs of error were filed by Fidelity-Phenix and Gulf and each was granted. The pleadings are described at considerable length in the opinion of the Court of Civil Appeals and reference is made to that opinion for a particular statement of the theory upon which the action was brought.

Gaddy filed no application for writ of error, but acquiesced in the judgment of the Court of Civil Appeals affirming the judgment of the trial court in favor of Republic. As the case now stands there are but two defendants, Fidelity-Phenix and

Gulf. We consider, first, the question of whether there was an issue of fact raised that Gulf and Fidelity-Phenix entered into any combination or conspiracy. Gaddy was agent in Beaumont for a number of insurance companies. The business written by him in the Gulf was but a very small percentage of his total business. It did not exceed $400 per year in premiums. He became delinquent in his remission to the Gulf, as well as to the other companies, of payments on premiums collected. On September 25, 1931, he addressed a letter to Gulf detailing his financial embarrassment, reciting that he was being compelled to carry open accounts from 60 to 90 days longer than is ordinarily required and suggesting that it seemed in order that he be given additional time in which to meet his obligations. The letter closed with this paragraph:

"For your information, this letter is being written to every company in my office and I hope to find enough favorable responses to continue in business, but to those General Agents who do not share my views upon this point, I have no censure, nor do I have any disposition to quarrel with them, and for that reason, if this does not meet with your approval, I will, upon advice to that effect, discontinue the writing of any new or renewal business and as rapidly as possible liquidate account as it now stands, leaving you to use your own pleasure whether you will take up supplies and terminate Agency arrangement now in force."

Thereafter, negotiations were carried on through the mail between representatives of the different companies and Gaddy, and about November 15, agents of some of the companies together called upon him in his office to check over the situation. No representative of the Gulf visited with the other agents in Gaddy's office and there is no evidence that that company knew anything at all about the visit. The only connection which Gulf is shown to have had with the matter is the following: On December 1, 1931, its agent was informed over telephone by an agent of the State and Sun that Fidelity-Phenix was going to suspend Gaddy's agency. The agent stated that he felt the same way about it and believed he would take similar action for his companies. On that day Gulf wrote to Gaddy giving him formal notice that his agency was suspended from and after that date. Those facts do not raise an issue to be submitted to a jury on the question of conspiracy between Gulf and Fidelity-Phenix. Gulf did nothing more than to act to protect itself from future losses which it possibly would have sustained had Gaddy transferred the risks of the other com-

panies to it. By the terms of its contract with Gaddy it had the right to terminate the agency at will, and the fact that the immediate cause for terminating it was information that other companies were terminating their agencies does not affect that right.

With all parties defendant eliminated except Fidelity-Phenix, the question of conspiracy or a combination in violation of the anti-trust statutes passes out of the case. There remains only the question of the individual liability of Fidelity-Phenix.

By reference to his brief in the Court of Civil Appeals it is discovered that Gaddy was there contending that, at all events, the case should be remanded for trial as against Fidelity-Phenix. It was there claimed that a cause of action other than one for damages for conspiracy and unlawful combination was pleaded and an issue of fact raised by the evidence against that company. We take this statement from his brief filed in the Court of Civil Appeals as reflecting the theory relied upon.

"We submit that the evidence conclusively established, or at any rate the following issues were raised:

"1. Defendant in error Fidelity-Phenix Fire Insurance Company communicated its determination to suspend plaintiff in error's agency to the other defendants in error and the State Assurance Company and Sun Insurance Office, the Fidelity-Phenix Fire Insurance Company having no financial interest in or connection with any of such companies.

"2. That such communication was not made to serve any legitimate interest of its own, hence was without justifiable cause.

"3. That the natural or probable effect of the communication, under the circumstances and existing conditions, was to induce those to whom same was made to take like action.

"4. That through and by reason of the communication, those to whom same was made did take like action, suspending plaintiff in error's agency on the same day and date.

"5. That thereby plaintiff in error's business was injured, to his damage.

"This being true, without reference to and independent of the allegations of conspiracy and combination, or the liability of any other defendant in error, plaintiff in error was entitled to a recovery against defendant in error Fidelity-Phenix Fire Insurance Company, or his right thereto should have been submitted to the jury, and the peremptory instruction in favor of all of the defendants in error was therefore erroneous."

The principal case relied upon in support of that theory of recovery is Griffin v. Palatine Ins. Co., (Com. App.) 235 S. W. 202. We do not determine whether Gaddy pleaded a cause of action upon that theory. Neither do we determine whether in the absence of a statute on the subject of suspending insurance agencies, the case cited and relied upon would support that theory of recovery. In our view the provisions of a comparatively recent statute render that theory inapplicable to this case. The 42d Legislature, 1931, at its Regular Session, Ch. 96, enacted a rather comprehensive law regulating the licensing of insurance agents. That law was in effect on the date when the different companies cancelled Gaddy's agency. Section 2 of that Act defines a local recording agent and the facts disclose that Gaddy fell in that classification. We quote Section 6 of that Act.

"Sec. 6. After a person or firm shall have been granted a license as Local Recording Agent in this State, he shall be authorized to act as such Local Recording Agent only after and while having been authorized so to do by an Insurance Carrier or Carriers, having a permit to do business in this State, and when so authorized each Company or Carrier or its General and/or State and/or Special Agent making the appointment shall immediately notify the Board of Insurance Commissioners in such form as the Board may require, of the appointment, and such person or firm shall be presumed to be the agent for such company in this State until such company or its General and/or State and/or Special Agent shall have delivered written notice to the Board of Insurance Commissioners that such appointment has been withdrawn."

2 That section clearly authorizes insurance companies and their general or special agents to notify the Board of Insurance Commissioners of the withdrawal of appointment from a local recording agent. When such notice is filed with the Board it becomes available to the public generally. The statute was enacted for the protection of both the public and insurance companies. Since such notice may lawfully be given to the public generally, it may lawfully be given to any member thereof. No cause of action may therefore be predicated upon the act of Fidelity-Phenix in communicating to the other companies the fact that it was suspending Gaddy's agency.

The judgment of the Court of Civil Appeals will be reversed and the judgment of the trial court affirmed.

Opinion adopted by the Supreme Court March 31, 1937.

Rehearing overruled May 19, 1937.