**RAMSEL v. RING.**

No. 13710.

United States Court of Appeals
Eighth Circuit.

March 8, 1949.

Rehearing Denied April 5, 1949.

Robert L. Jackson and Francis L. Roach, both of Kansas City, Mo., for appellant.

C. E. Groh and Will H. Hargus, both of Harrisonville, Mo., and Alfred H. Osborne, of Kansas City, Mo., for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an action at law to recover damages for personal injuries sustained by the plaintiff-appellee as the result of the alleged negligence of defendant's employee. The case was commenced in the state court of Missouri and removed to the federal court on the ground of diversity of citizenship. The substantive rights of the parties are controlled, therefore, by the law of Missouri. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188,

114 A.L.R. 1487; Sec. 1652, Federal Judicial Code of 1948.

A jury was waived and the issues were tried to the court. Judgment was rendered for the plaintiff for $7,500.00 and costs, and the defendant appeals.

In his petition the plaintiff alleged general negligence and relied upon the doctrine of res ipsa loquitur. The defendant denied negligence and alleged contributory negligence.

The appellant contends that the court erred:

1. In holding that the petition stated a cause of action;

2. In overruling defendant's motions for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence; and

3. In deciding the issues upon an act of negligence not pleaded.

In the final anaylsis all these contentions will be resolved by a determination of the meaning and applicability of the doctrine of res ipsa loquitur to the facts pleaded and admitted or in evidence. Such facts, so far as material, are in brief as follows:

On the night of April 11, 1946, a trailer truck owned by defendant was being driven north on Highway No. 71 by his employee. About midnight, at a point two miles south of Harrisonville, Missouri, the truck left the highway as a result of its alleged negligent operation, and ran into and broke down the fence on the west side of the road. The driver left the place of the accident and went to Harrisonville for the remainder of the night. A horse escaped from the adjacent pasture onto the highway through the gap made in the fence by the truck.

About 5:30 A.M. on the morning of April 12th, or about five and one-half hours after the accident occurred, and while it was still dark, the plaintiff, travelling south in his automobile, collided with the horse on the highway, causing the injuries complained of.

The foregoing facts having been admitted or put in evidence by the plaintiff, the driver of the truck testified for the defendant that as he approached the place of the accident on the night of April 11th he was travelling at a speed of 40 to 45 miles an hour; that he met an automobile at that point going south; that he was blinded by the lights of the approaching car and pulled over to the right until he feared he would leave the pavement; that after the car passed he pulled back to the left toward the center of the pavement and the steering wheel of the truck locked and caused him to go into the ditch and onto the fence.

The court found that the proximate cause of the injury was the negligent operation of the truck by the driver.

The defendant claims that he was not negligent and that the plaintiff is not entitled to rely on the doctrine of res ipsa loquitur.

The contentions of the parties require a consideration of these questions: first, what is the doctrine of res ipsa loquitur? Second, is that doctrine one of substantive or of procedural law? If substantive, then third, is the Missouri rule applicable to the facts of this case?

■ First. In the case of Terminal R. Ass'n of St. Louis v. Staengel, 8 Cir., 122 F.2d 271, 273, 136 A.L.R. 789, this court said: "whether * * * the rule of res ipsa loquitur is properly applicable depends upon the character of the occurrence causing the injury. The rule is applicable (1) if the thing causing the injury was, at the time, under the exclusive control of defendant and (2) the occurrence was such as, in the ordinary course of things, does not happen if the one having such exclusive control uses proper care." Citing San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 98, 32 S.Ct. 399, 56 L.Ed. 680.

The Supreme Court of Missouri have announced the same rule with the following addition: " * * * (3) the defendant possesses superior knowledge or means of information as to the cause of the occurrence." McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, 92 A.L.R. 641; Cruce v. Gulf, Mobile & Ohio R. Co., Mo. Sup., 216 S.W.2d 78, 80.

■ Second. Whether a complaint states a cause of action calling for the application of the doctrine of res ipsa loquitur is a procedural question controlled by federal law. May Department Stores Co. v. Bell,

8 Cir., 61 F.2d 830, 840; Zumwalt v. Gardner, 8 Cir., 160 F.2d 298, 301.

Whether under the facts admitted or shown by plaintiff's evidence the doctrine is available is a question of substantive law controlled by state law which must be applied by a federal court in a diversity of citizenship case. Thomson v. Stevens, 8 Cir., 106 F.2d 739, 740; Roth v. Swanson, 8 Cir., 145 F.2d 262, 263. Compare Fort Dodge Hotel Co. v. Bartelt, 8 Cir., 119 F.2d 253, 258. In Lachman v. Pennsylvania Greyhound Lines, 4 Cir., 160 F.2d 496, 499, the court said: "The rule of res ipsa loquitur * * * does * * * relate to to the 'general obligation, imposed upon every plaintiff, to establish all of the facts necessary to make out his cause of action' * * * we must look to the law of the State in order to determine whether the doctrine of res ipsa loquitur should be applied". See also Sierocinski v. E. I. Du Pont de Nemours & Co., 3 Cir., 118 F.2d 531, 534.

■ We must look, therefore, to the law of Missouri to determine whether the rule applies in this case.

The Supreme Court of Missouri in the case of Bond v. St. Louis-San Francisco Railway Company, 315 Mo. 987, 288 S.W. 777, 783, declared that the "rule (of res ipsa loquitur) cannot be merely one of procedure; it must be regarded rather as one of substantive law * * *. It has been followed so long that its enforcement must now be considered a part of the public policy of the state." And the Supreme Court of the United States in Angel v. Bullington, 330 U.S. 183, 191, 67 S.Ct. 657, 662, 91 L.Ed. 832, said: "The essence of diversity jurisdiction is that a federal court enforces State law and State policy."

Third. Do the courts of Missouri apply the rule of res ipsa loquitur to automobile accident cases? As is well known the doctrine of res ipsa loquitur was first applied to cases brought by passengers against common carriers where a contractual relationship existed between the plaintiff and the defendant. Gradually the application of the rule has been broadened to apply to various classes of cases. Several of the states at least refuse to apply the rule to motor vehicle accidents.

■■ On this point we think there is an absence of harmony in the decisions of the Missouri courts. However, the last decision of the Supreme Court of that state called to our attention is controlling and decisive. In Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, 1002, an action was brought against the owner and operator of an automobile. The petition alleged that while plaintiff was standing on the sidewalk, "the defendant carelessly and negligently drove and operated an automobile in such a manner as to run onto the sidewalk, striking" and injuring the plaintiff. The evidence tended to show that the defendant's automobile did leave the traveled street and strike and injure the plaintiff. Plaintiff relied upon the doctrine of res ipsa loquitur to establish negligence of the defendant. The defendant's evidence was to the effect that he was forced to the sidewalk by another automobile. The court said that "a res ipsa loquitur case * * * merely mean(s) that negligence can be proved by circumstantial evidence and that certain circumstances, as to the character of an accident, are sufficient to take the case to the jury". The court then quoted the definition of res ipsa loquitur previously approved by the Supreme Court of Missouri in McCloskey v. Koplar, supra, and held that it was applicable to the facts involved. The language of the opinion is broad enough to apply to any cause of action attributable to negligence, without limitation. It is controlling in this case.

Affirmed.