W. A. KELLY v. SCOTT S. MCKAY, ET UX.

No. A-2698. Decided October 4, 1950.
Rehearing overruled November 1, 1950.
(233 S. W., 2d Series, 121.)

344

*Carl Wright Johnson, Birkhead, Beckmann, Stanard, Vance & Wood,* all of San Antonio, *Scott, Wilson & Cureton* and *Frank M. Wilson,* all of Waco, for petitioners.

It was error for the Court of Civil Appeals to hold that the doctrine of res ipsa loquitur is applicable to this case. Stanolind Oil & Gas Co. v. Lambert, 222 S. W. 2d 125; Standard Paving Co. v. McClinton, 146 S. W. 2d 466; Turner v. Big Lake Oil Co., 128 Texas 155, 96 S. W. 2d 221.

*Spann & Spann,* of San Antonio, for respondents.

MR. JUSTICE HART delivered the opinion of the Court.

The plaintiffs, Scott S. McKay and wife, sought in this suit to recover judgment for damages to improvements on their real property alleged to be caused by explosions in the caliche pit of the defendant, W. A. Kelly, and to enjoin the defendant from using explosives in such a way as to injure the plaintiffs' premises. The plaintiffs alleged generally that the defendant was negligent in causing explosions and blasts of such power and intensity as to produce violent shocks and tremors to the earth underlying the plaintiffs' premises and damage to the

improvements thereon. Upon a trial, the district court granted a motion for an instructed verdict after the plaintiffs had introduced their evidence and had rested; and a judgment was rendered denying the plaintiffs all relief. The Court of Civil Appeals reversed this judgment and remanded the cause to the district court for a new trial, upon the ground that, when aided by the application of the rule of res ipsa loquitur, the evidence offered by the plaintiffs was sufficient to raise issues of fact which should have been submitted to the jury. 229 S. W. 2d 117.

■ The principal contention of the petitioner in this Court, who was the defendant in the district court, is that the rule of res ipsa loquitur cannot properly be applied to this case, and this was the point on which the writ of error was granted. The authorities cited by the parties on this point have been carefully studied. However, upon a full consideration of the record, we are of the opinion that it is unnecessary for us to decide this question, because there was some evidence offered by the plaintiffs which would reasonably sustain a judgment in their favor, without the aid of the rule of res ipsa loquitur; and therefore the trial court erred in instructing a verdict for the defendant at the conclusion of the plaintiffs' testimony. In so deciding we have followed the settled rule that we must view the evidence in the light most favorable to the party against whom the verdict was instructed. White v. White, 141 Texas 328, 172 S. W. 2d 295; Hoover v. General Crude Oil Co. 147 Texas 89, 212 S. W. 2d 140.

■ The plaintiffs testified that simultaneously with explosions in the defendant's caliche pit, which is between 700 and 1200 feet from the plaintiffs' premises, the "whole premises" were shaken, cracks appeared in the walls, chimney and fireplace of their home, objects were shaken out of a cabinet to the floor, a wall "buckled out," "large pieces of rocks" fell off of the rock walls of the home, a rock fell out of the wall of the garage almost striking Mr. McKay, and "a fairly good size rock" fell from the fireplace. Following these explosions, doors stuck which had formerly opened and closed properly, part of a wooden door "pulled apart", and floors sagged and were weakened so that furniture shakes as the plaintiffs walk across the living room and dining room. Also; after blasts in the defendant's pit, the garage pulled away from the house; the corners of the downstairs rooms pulled apart; a big crack appeared in the concrete porch; water in the wells became clouded; the butane gas line burst and a plumbing connection in the bath-

room was broken. Other persons owning property near the caliche pit testified to similar effects from the explosions upon their houses.

The plaintiffs also offered the testimony of Mr. Stanley F. Sawyer, who testified that he had had experience with the use of explosives, including blasting in caliche pits; that he had examined the rock formation on which the plaintiffs' house rested and the topography of the land between the caliche pit and the McKay premises; that, in his opinion, 100 to 150 pounds of explosive would be necessary to cause a tremor or shaking of rock at the distance the McKay premises were located from the caliche pit; that he never found so much explosive necessary to quarry gravel or caliche "under reasonable conditions," and that, in his opinion, there would be no need to use a blast of 150 pounds of explosive in excavating a gravel pit. Numerous objections were made and sustained to this witness's testimony, and the part admitted in evidence, as summarized above, is somewhat fragmentary, but when it is construed most favorably to the plaintiffs, it would afford a substantial basis for the conclusion that the defendant used more explosive than was reasonably necessary in order to operate his caliche pit, although, as the Court of Civil Appeals correctly says, there is no direct evidence of the amount of explosives the defendant used.

■ One test of negligence, in a case like this involving explosives, is whether an excessive amount of explosives is used, and the word "excessive" in this connection has been defined in Universal Atlas Cement Co. v. Oswald, 138 Texas 159, 163; 157 S. W. 2d 636, 637, in substance as being a quantity greater than was reasonably necessary in the blasting operations and greater than would be used by a person under the same or similar circumstances in the exercise of ordinary care in operating such a pit or quarry. See also Comanche Duke Oil Co. v. Texas Pacific Coal & Oil Co., (Tex. Com. App.) 298 S. W. 554; Restatement, Torts, ss. 298, 497, 822m; 35 C. J. S. "Explosives" s. 11f; 22 Am. Jur. "Explosions and Explosives" s. 14. Applying this test to the evidence in this case, we think there was some evidence which would have sustained a finding of negligence on the defendant's part.

The plaintiffs' testimony also constituted some evidence from which the conclusion could be drawn that the blasts from the defendant's pit caused the damage. There was also evidence of the reduction in the value of the plaintiffs' premises following

the blasting. We are therefore of the opinion that there is some evidence in the record which would sustain every element of the plaintiffs' suit for damages, and that the district court erroneously instructed a verdict in favor of the defendant.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 4, 1950.

Rehearing overruled November 1, 1950.