## McKAY et ux. v. AMERICAN CENTRAL INS. CO. et al.

### No. 12366.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 9, 1952.

Rehearing Denied Feb. 6, 1952.

Spann & Spann, San Antonio, for appellants.

Eskridge & Groce, and Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment non obstante veredicto directing that appellants take nothing against appellees, American Central Insurance Company and Commerce Insurance Company. The suit is a consolidated one, based on two policies allegedly issued by the American Central and one

by the Commerce. The controlling question in the case is whether or not the insurance companies waived the provisions of the policies requiring the filing of proofs of loss.

The Texas Standard Form of policy provides that: " * * * Within ninety-one days after the loss, unless such time is extended in writing, the insured shall render to this Company a proof of loss signed and sworn to by the insured. Such proof of loss shall reveal to the best knowledge and belief of the insured the following: the time and cause of the loss, the interest of the insured and all others in the property, including any encumbrances thereon; all contracts of insurance, whether valid or not, covering such property; the actual cash value of each item of property and the amount of loss thereto; and by whom and for what purposes the building was occupied at the time of loss. No provision, stipulation, or forfeiture of this policy shall be waived by any requirement, act, or proceeding of this Company relating to investigation, appraisal, or adjustment of any loss."

■ The filing of a proof of loss, unless waived, is made a prerequisite to recovery upon the policy.

In Commercial Union Assurance Company v. Preston, 115 Tex. 351, 282 S.W. 563, 566, 45 A.L.R. 1016, the Supreme Court said: "The decisions of this court recognize that, when the policy makes the furnishing of proofs of loss a condition precedent to the enforcement of the policy, and the proofs have been neither furnished nor waived, the insured fails to establish his right to recover on the policy. Scottish Union & National Insurance Co. v. Clancy, 83 Tex. [113] 115, 18 S.W. 439; Delaware Underwriters & Westchester Fire Insurance Co. v. Brock, 109 Tex. [425] 431, 211 S.W. 779."

The American Central disputes the issuance of the two policies alleged to have been executed by it through its agent, Ralph W. Hammonds. The jury found that such policies were issued and for the purposes of this opinion these findings may be accepted. It is undisputed that the policy of the Commerce Insurance Company was actually issued by its representative, J.

Elmo Hammonds Insurance Agency. It is undisputed that no proofs of loss were filed with either company. This circumstance was set forth in motions for judgment non obstante veredicto and said motions were granted on the grounds stated.

The policies sued upon were written on the standard form promulgated by the Board of Insurance Commissioners of the State of Texas and insured McKay and wife against loss from fire, explosion and other casualties affecting the properties therein described. Damage to the insured premises occurred during the months of April to July, 1948 (according to appellants' pleadings) as a result of explosions set off by the agents and servants of the Kelly Construction Company which was operating a caliche pit in the vicinity of appellants' premises. See Kelly v. McKay, Tex. Sup., 233 S.W.2d 121; McKay v. Kelly, Tex.Civ.App., 229 S.W.2d 117.

■ The jury found that two policies of the American Central Insurance Company were issued by Ralph W. Hammonds during the month of January, 1948, and "that it was agreed between the McKays and Ralph W. Hammonds that the said Ralph W. Hammonds would hold said policy of insurance in his office for the benefit of said McKays." During January, 1948, Ralph W. Hammonds was a local recording agent of American Central within the provisions of Art. 5062b, Vernon's Ann.Civ. Stats., now superseded by the 1951 Insurance Code, Acts 1951, 52nd Leg. p. 868, ch. 491, § 4, V.T.A.S.Insurance Code, art. 21.14. On February 5, 1948, Ralph W. Hammonds voluntarily surrendered his license. Article 5062b, § 16. This license would have expired on March 1, 1948, under the provisions of Article 5062b, § 8. In the absence of some element of estoppel, Ralph W. Hammonds could not bind the company in any way from and after the time he surrendered his license as a local recording agent.

The jury found that McKay made such efforts to contact Ralph W. Hammonds for the purpose of giving notice and filing proofs of loss as a reasonably prudent man would have made and that he likewise made

such efforts to ascertain the identity of the company that issued the policies through Ralph W. Hammonds as a reasonable person would have done.

■ It seems that McKay was never able to locate Ralph W. Hammonds. He did hear, through others, that Hammonds had said that the McKay policies were cancelled. However, these circumstances and the jury findings above mentioned can avail appellants nothing. It is not part of the duty of a local recording agent to its principal to hold policies which have been issued for the benefit of the insured. Whenever a person to whom an insurance policy has been issued leaves the same with the local recording agent for safe-keeping, the person acting as recording agent becomes the representative and agent of the insured for such purpose and his failure to produce the policy is not attributable to the insurance company. Certainly, the action of Hammonds in going out of the insurance business and placing himself out of the reach of McKay, so to speak, can not be attributed to the American Central Insurance Company, whose agency relationship with him was terminated on February 5, 1948. Gulf Ins. Co. v. Gaddy, 129 Tex. 481, 103 S.W.2d 141; Drennan v. Sun Indemnity Co., 244 App.Div. 571, 280 N.Y.S. 723. See also, Wyche v. Trinity Universal Ins. Co., Tex.Civ.App., 198 S.W.2d 158.

■ Provisions as to notice and proofs of loss are of admitted importance to insurers. Such notices and claims, when promptly filed in accordance with the terms of the policy, make possible prompt and timely investigations. Delay of notice and proofs may greatly prejudice the insurer in ascertaining the true facts relating to an asserted liability and for that reason, the Texas Standard Form of policy makes provision for prompt notice and proof of loss. The failure to give notice and proof of loss cannot be excused by the insured's mislaying of the policies or allowing them to remain in the hands of some third person who cannot thereafter be found.

■ As to the Commerce Insurance Company, it appears that some sort of notice was given to J. Elmo Hammonds, the local recording agent of the company. The jury found that "J. Elmo Hammonds' office having informed the McKays that their claim had been submitted to the company, led them to believe that no further proofs of loss were required of them." This finding is without support in the evidence. The statement that the claim had been submitted to the company is contained in a letter written to the McKays by the J. Elmo Hammonds Insurance Company. This letter, instead of inferring that no further proofs were required, specifically and explicitly calls for further information. The letter reads in part as follows:

"Your claim has been submitted to the Company.

"They have asked us what attempt you have made to collect from Kelley Construction Company. They would also like to know just when this blasting started and whether or not the Company is still doing this Heavy blasting.

"Please, therefore, let us know by return mail the answers to these questions."

There is nothing in the record indicating that the further information requested was ever furnished by the McKays.

■ Appellants urge that appellees by filing general denials to their petitions (before consolidation) waived the filing of proofs of loss. Each petition contained the allegation made in accordance with the procedure permitted by Rule 54, R.C.P., that, "Plaintiffs have done and performed all of the conditions and provisions required of them under the terms of the policy." The general denial traversed these allegations and did not operate as a waiver of the filing of proofs of loss but constituted a denial that proofs of loss had been filed. Equitable Life Insurance Society of United States v. Kellemen, 224 Ind. 526, 69 N.E.2d 244, and authorities therein cited.

We hold that there is no evidence of a waiver of the contractual provisions requiring the filing of proofs of loss.

What has been said disposes of the case. We have examined all of appellants' points. None of them discloses a reversible error and the judgment appealed from is accordingly affirmed.