## STANOLIND OIL & GAS CO. v. GILES.

### No. 13698.

United States Court of Appeals
Fifth Circuit.

June 6, 1952.

William A. Griffis, Jr., San Angelo, Tex., for appellant.

John F. Sutton, Jr., San Angelo, Tex., E. C. Grindstaff, E. B. Underwood, Ballinger, Tex., for appellee.

Before BORAH, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Stanolind Oil & Gas Company has appealed from a judgment rendered against it in favor of J. M. Giles for the destruction of Giles' water well. Trial was to the court without a jury, and the Court stated its findings of fact in a brief oral opinion as follows:

"I find, gentlemen, as facts, that the plaintiff had a satisfactory well of water, which had served his six-hundred-and-some-odd acre farm for a great many years, for stock water, for water in his home, and for irrigation purposes.

"That in the year 1949, while that was the situation, the defendant set off an extensive charge of explosive, 646 feet from this particular well.

"That following these explosive discharges, the well ceased to furnish water, and is now a practically dry well, merely having a moist bottom, where there was water.

"That that geophysical discharge was not on the plaintiff's property, but was just across the public road from it.

"That the charge which was set off would have its wave effect, as far as 1741 feet, in any and all directions. I find, as a matter of fact, that that so setting off in that proximity was negligence, and the proximate cause of the damage to the plaintiff in the sum being sued for, to-wit, $3,175.00.

"As a conclusion of law, it must follow, of course, from what I have said, judgment goes for the plaintiff for that sum."

The appellant's contentions upon this appeal go to the sufficiency of the evidence in the three essentials: 1, to support a finding that appellant was negligent in discharging the explosives in question; 2, to support a finding that the damage to plaintiff's water well was the proximate result of any negligent act or omission of defendant; and 3, to support the judgment as to the amount of plaintiff's damages. The sufficiency of the evidence to support the allegations of negligence appellant terms the principal question presented by this appeal.

Plaintiff alleged his cause of action in the alternative. One theory of recovery was predicated upon *res ipsa loquitur,* while the other was based on allegations of negligence in terms so general and broad as to cover practically every possible ground of negligence, i. e.: (1) using high explosives in the ground in close proximity to plaintiff's water well; (2) using excessively large charges of explosives; (3) failing to take the proper precautions to prevent the destruction of plaintiff's water well by such explosives. In this state of the pleadings we do not think that anything said by this court in Mitchell v. Swift & Co., 5 Cir., 151 F.2d 770, 771 would preclude the plaintiff from relying upon a rule of evidence substantially equivalent to *res ipsa loquitur.*

▉▉▉ Whether under the facts admitted or shown by the evidence that rule was available to the plaintiff is a question to be determined by the state law. Ramsel v. Ring, 8 Cir., 173 F.2d 41, 42, 43.[1] The plaintiff in this case did not attempt to rely upon the rule of absolute liability as to the storage and use of explosives laid down in Rylands v. Fletcher, L.R. 3, H.L. 330, and it seems to be conceded that under the law of Texas the liability asserted in this case must be based upon negligence. See Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221; Stanolind

---

1. We think that the opinion in Ramsel v. Ring, supra is also correct when it states, 173 F.2d at p. 42.

"Whether a complaint states a cause of action calling for the application of the doctrine of res ipsa loquitur is a procedural question controlled by federal law."

This court did not hold to the contrary in Mitchell v. Swift & Co., supra. What was there said as to when the pleadings were in such form as to permit reliance on res ipsa loquitur in Texas courts was not necessary to the decision because the evidence excluded any application of that doctrine.

Oil & Gas Co. v. Lambert, Tex.Civ.App., 222 S.W.2d 125; McKay v. Kelly, Tex.Civ. App., 229 S.W.2d 117.

■ The *res ipsa loquitur* doctrine, as it exists in Texas, is succinctly stated in Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 969, 160 A.L.R. 1445;

> "Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer." See also Stokes v. Burlington-Rock Island R. Co., Tex.Civ.App., 165 S.W. 2d 229, 231; Vol. 26 Texas Law Review, p. 269.

In Stanolind Oil & Gas Co. v. Lambert, supra, the doctrine was held inapplicable because the proof was deficient in failing to show that the accident was such as in the ordinary course of things does not happen if those who have the management or control use proper care. On the other hand, in the later case of McKay v. Kelly, the Austin Court of Civil Appeals said:

> "We believe it to be a matter of general knowledge that blasting by the use of explosives will not cause damage to adjacent property unless negligently conducted. Witness the many excavations in large cities for the construction of buildings, houses, streets, sewer and water lines and for other purposes in which the use of high explosives is made as a matter of course and without the slightest damage to adjacent or nearby property.

> "In Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 663, the court approvingly quoted the following from 45 C.J., p. 1200: 'The doctrine of res ipsa loquitur, now a familiar rule of practice in the trial of negligence cases, which is frequently

recognized and applied without specifically naming it is not a rigid or arbitrary formula but a rule that adjusts itself to circumstances. However, as it is not the naked injury but the manner and attending circumstances of the accident that justify the application of the doctrine in an action for the negligent breach of an ordinary duty, it follows, as a matter of course, that the applicability of the doctrine must depend upon the peculiar facts and circumstances of each individual case.'

> "We believe the facts and circumstances of this case make the applicability of the rule of res ipsa loquitur very appropriate. If a person in, say, blasting stumps sets off an explosion which levels his neighbor's house several hundred feet away, it would be rather ridiculous to require proof of the exact amount of explosive used in order to show that he used too much." 229 S.W.2d 120.

The Supreme Court of Texas granted a writ of error in that case on the point of whether the rule of *res ipsa loquitur* could properly be applied, but upon full consideration found it unnecessary to decide that question "because there was some evidence offered by the plaintiffs which would reasonably sustain a judgment in their favor, without the aid of the rule of *res ipsa loquitur*". Kelly v. McKay, Tex. Sup., 233 S.W.2d 121, 122.

The matter upon which the proof was held deficient in Stanolind Oil & Gas Co. v. Lambert, supra, and which was assumed as a matter of general knowledge in McKay v. Kelly, supra, was affirmatively proved by the defendant itself in the present case. Its expert witness, Dart Wantland, testified that the maximum charge of explosive claimed to have been used, namely a 50 pound charge of gelatin explosive, discharged at a distance of 600 feet (46 feet closer than the distance involved here) will have a tremor effect of only 4/1000ths of an inch, and will not have any effect on a well or on the water supply flowing to it. It would seem to follow that if in fact the plaintiff's well was

injured as a proximate result of the explosion that there must have been some negligence on the part of the defendant. Under the peculiar facts and circumstances of this case therefore, the evidence was sufficient to prove the negligence charged in the complaint, if it was sufficient to prove the causal connection between the explosion and the damage to plaintiff's well.

We come then to the appellant's second contention as to whether the evidence was sufficient to support a finding that the damage to plaintiff's water well was the proximate result of the explosion. See Young v. Massey, 128 Tex. 638, 101 S.W. 2d 809. We think that there was substantial evidence that the blasting by defendant was a proximate cause of plaintiff's damages. For 32 years prior to the blasting the waterwell had been an unusually strong well. It had "sanded in" in 1943, not because of a loss of water, but because the cylinder became clogged up so that the available water could not be produced. When it was cleaned out on that occasion the well produced as much water as ever. On the present occasion, within ten days after the blasting, or apparently when the stored water was used up, it was discovered that the well had gone dry. It has never produced water again although nearly two years elapsed prior to trial.

As its third and last contention, the appellant insists that there was not sufficient evidence as to the amount of plaintiff's damages to support the judgment of the district court. An expert witness as to the values of real estate in that vicinity testified that the reasonable market value of the plaintiff's land at that time was about $75.00 an acre, and that after the water well went dry the reasonable market value of that land would be about $65.00 an acre. The defendant offered no evidence to dispute this testimony. The plaintiff had prayed for a recovery of only $3,175.00 and his recovery was so limited.

 We think that there was sufficient evidence to authorize the court to find that plaintiff's land had suffered a permanent injury. Although the well had been an unusually good well since 1917 it went dry in 1949 shortly after defendant's nearby blasting and remained dry until the time of trial. A little seep spring close by was also dry with only stagnant water. Water in that area is difficult to locate by putting down new wells. The plaintiff had previously drilled two deep wells in the nearby vicinity without success. We do not think that there was any necessity or reason to clean out the well because it had not caved in, the water supply had simply disappeared. The plaintiff tried to obtain another water supply by building a large surface tank but this source of water was inadequate and since 1949 it has been necessary to have water hauled to the plaintiff's land from Winters, Texas, ten miles away, at a cost of $3.50 per load. The only other available water is a small surface stock tank on the other side of the farm. We conclude that the evidence was sufficient to show that the plaintiff's land had been permanently injured and that if claimed a larger recovery would have been justified.

Finding no error in the record, the judgment is affirmed.