G. H. Tucker *v.* American Aviation and General In-
surance Company, Reading, Pennsylvania.

(*Nashville,* December Term, 1954.)

Opinion filed April 7, 1955.

M. Thomas Valaske, of Nashville, for appellant.

Vincent Cason and Thomas E. Hinson, both of Lebanon, for appellee.

162

Mr. Justice Burnett delivered the opinion of the Court.

"The sole question presented by this lawsuit is whether the filing or registration of the cancellation or termination of an agent's certificate by an insurance company as required by the State Statutes (Section 6140 of the Supplement to the Code 1950) constitutes constructive notice to the public and particularly to the policy holder, one of the members of the public." Appellant's brief.

The facts are not in dispute. At the conclusion of the hearing the Chancellor rendered judgment against the Insurance Company and in favor of the insured on a fire policy. On June 1, 1951, a policy of fire insurance was issued in the appellant company to the appellee Tucker, in the sum of $4,000 on a certain building located in Lebanon, Tennessee. The insurance as issued extended for one year or until June 1, 1952. On or about June 1, 1952, Tucker went to Carson who was the original agent who issued the original policy and renewed this policy for another year by paying the premium due under the policy. This premium was accepted by Carson and a certificate duly executed by Carson as agent of the appellant that the insurance would be in force for another year and that the premium thereon had been paid.

About 45 days after the original policy was issued in 1951 the insurance company, for reasons sufficient unto it, cancelled the agency of Carson. Thus it appears that

from and about July 11, 1951, until the loss herein occurred Carson was no longer the agent of the insurance company. It is shown without dispute though that this fact was not known to the appellee Tucker. The fact is, as we have said before, Tucker, when the first year was up went back to Carson, the agent who originally issued the policy, and paid the premium for the second year under an annual renewal plan which was attached to the original policy wherein the policy might be renewed annually for four successive years "by the issuance of properly countersigned renewal certificate and the payment of 78% of the annual premium. * * *'' It is shown without dispute that the correct amount of the premium was paid. The only question, as we have said above as quoted from the appellant's brief, is: Was Carson an agent of the company or not the proper one to countersign a renewal certificate for the succeeding year? On December 17, 1952, or within the second year of the policy there was a total destruction of the property insured. Necessary notice was given and other requirements met. The insurance company refused payment and this suit was instituted. The company received no part of the renewal premium and had no knowledge that Carson had renewed this policy for a second year from June 1, 1952, to June 1, 1953.

The company defends on the proposition that it complied with the statutory law of this State, to wit: Code Section 6140 of the Supplement to the Code of 1950. The particular portion of this section of the Code relied upon is contained in Section 1 of Chapter 280 of the Public Acts of 1949 and is in words and figures as follows:

"* * * Upon cancellation of such certificate * * * by the company * * * the certificate of authority shall be returned to the Commissioner

within thirty days of such cancellation * * *. Each such company or other organization shall also file with the Commissioner a list of all its agents whose certificates of authority have been canceled or surrendered during the preceding twelve months. * * *,,

The above Code Section was effective at the time the insurance herein was written and was complied with by the insurance company doing the necessary things to state to the Commissioner of Insurance that the agency of Carson had been cancelled and this was properly listed on the files of the Insurance Commissioner.

The appellant relies on those cases from three jurisdictions which hold that where the law itself requires that the relationship of the agent to the insurance company be publicly set forth and recorded and that when the company complies with these legal requirements in showing the termination of the agency relationship that this recordation according to statute of the termination constitutes constructive notice to all persons that the relationship of the agency has been terminated. The authorities relied on in this proposition are: Couch on Insurance, 1945 Supplement, p. 655, Section 578, Note 7; *George J. Ricau & Co.* v. *Indemnity Ins. Co.*, La. App., 178 So. 217; *Drennan* v. *Sun Indemnity Co. of New York*, 244 App. Div. 571, 280 N. Y. S. 723, affirmed in 271 N. Y. 182, 2 N. E. (2d) 534, and *Gulf Ins. Co.* v. *Gaddy*, Tex. Com. App., 129 Tex. 481, 103 S. W. (2d) 141.

█ Under the circumstances and facts of this case the general and well accepted law is that:

"It is the duty of an insurance company to notify insured persons who have dealt with their agent as the representative of the company of the termination

of his authority. If it fails to do so, it is bound by his acts if such a person continues to deal with him as the representative of the company, in ignorance of the termination of the agency." 29 Am. Jur., p. 111, Sec. 88; Couch, Cyclopedia of Insurance Law, Vol. 3, p. 1847, Sec. 578; 44 C. J. S., Insurance, Sec. 148, p. 813; Note with cases from various jurisdictions thereto in 14 A. L. R. at page 846.

We think that under the authorities and under equity and justice that it must be conceded by the insurance company that unless the policyholder either had actual or constructive notice of the fact that Carson was no longer the agent of the insurance company that then the insurance company clearly would be liable under the undisputed facts of this case. It is conceded that Tucker had no actual notice that Carson was not the insurance company's agent. It is not claimed that he had implied notice or any other kind except what might be brought to him by reason of the insurance company listing with the Commissoner of Insurance the fact that Carson was no longer the agent of this Company as required by Statute, Code Section 6140, 1950 Supplement to the Code. It has been well said that "constructive notice is the law's substitute for actual notice, intended to protect innocent persons who are about to engage in lawful transactions. It is the legal inference from established facts and, like other legal presumptions does not admit of dispute." 39 Am. Jur., p. 236, Section 7. Where such notice is relied upon it is obligatory that the statute provide that such notice have the effect and be notice to all parties. "In the absence of such statutory provision, however, it may not, strictly speaking, have such effect." 39 Am. Jur., p. 237, Section 8. As authority for this statement the author cites

decisions from various States and from the Supreme Court of the United States. It seems to us that such a rule is just and proper. The Legislature in enacting this Code provision, 6140, 1950 Supplement to the Code, clearly did not have in mind that this listing of the various agents, their term of office and when such agency expired, etc., that in doing so that the listing of these agents would be notice to the people of Tennessee as to who the agents were, especially when the agents had dealt with the parties as Carson did with Tucker herein. To our minds notice, that such a Statute as this might have, was ineffective because the Statute did not give it such an effect. This Statute was a means of giving the Commissioner information as to who the various agents were. Under the various Statutes governing insurance in this State the Commissioner had the right and power to investigate the moral character and fitness of the agents and solicitors. The Statutes likewise provide for a rather strict regulation of the matter of soliciting insurance. All of this of course was done for the benefit of the citizens of the State and gave the Commissioner of Insurance of the State the right to cancel any agency permit' that he saw fit if the facts were sufficient. This Statute refers to Code Section 6181, which Statute provides a means of revenue to be paid by the various companies and agents to the Commissioner. As we have said before, the Statute, 6140, Supplement to the 1950 Code, does not in any way provide that such a listing shall constitute constructive notice that such an agency exists or does not exist.

Actual notice must be given in the absence of a statute providing some means for constructive notice. *Burck* v. *Taylor,* 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578; *Lambert* v. *Morgan,* 110 Md. 1, 72 A. 407, 132 Am.

St. Rep. 412, 17 Ann. Cas. 439. It is therefore plain to us that since the Code Section relied on or no other than we can think of, does not contain a provision requiring or providing that the registration of these agents' names or their dismissal shall constitute notice that then there is no constructive notice to the parties under this act and therefore the insurance company's claim that this registration with the Commissioner constituted notice to the world cannot be sustained.

The case of *City Finance Co. v. Perry,* 195 Tenn. 81, 257 S. W. (2d) 1, 2, 36 A. L. R. (2d) 224, relied upon by the insurance company (appellant) is in point with what we have just said rather than as authority for the insurance company. The motor vehicle Act upon which this case is based provides that " 'the notation of the lien or encumbrance upon the certificate of title as provided in this Act shall constitute constructive notice of all liens * * *.' " This of course is just contrary to what the Act relied upon in the present case provides, Code Section 6140, 1950 Supplement to the Code.