## Conrad Letzerich v. Frank Lidiak.

### Decided October 31, 1902.

1.—Homestead—Mortgage—Subsequent Abandonment.

A mortgage or trust deed lien on the homestead property, executed while it was being used as a homestead, is utterly void, and is incapable of being given any force by a subsequent abandonment of the premises as a homestead. Const., art. 16, sec. 50.

2.—Same—Estoppel.

The maker of a deed of trust on homestead property was not estopped by his representations as to the character of the property, made to the lender when the loan was applied for, from asserting his homestead rights therein, where the lender referred him to his attorney, and the latter advised the loan on his own knowledge of the circumstances then attending the use of the premises.

Appeal from the District Court of Fayette. Tried below before Hon. L. W. Moore.

*Robson & Duncan,* for appellant.

*Brown, Lane & Garwood,* for appellee.

GARRETT, Chief Justice.—This action was brought by the appellant against the appellee to recover upon a promissory note for $500 and to foreclose a lien therefor upon a lot in the town of La Grange. The alleged lien was a deed of trust. There was no defense to a recovery upon the note, but in bar of the foreclosure of a lien upon the lot the appellee pleaded that at the time of the execution of the deed of trust the lot was his business homestead and that the deed of trust was therefore invalid. His wife, Paulina Lidiak, intervened in the suit and pleaded that she did not join in the deed of trust, and that it was invalid by reason of the fact that the lot was the business homestead. The case was tried with a jury and resulted in a judgment for the debt but against the lien.

It appears from the undisputed facts that the appellee, Frank Lidiak, is a married man and is the head of a family, and has been such since 1880. He is a practical printer and has been since the year 1879, and for the greater part of the time since then he has been also the publisher of a newspaper. On September 1, 1892, being indebted to the appellant for that sum, the appellee executed his note to him for $500, payable one day after date, and also executed a deed of trust conveying the lot in controversy to W. S. Robson, as trustee, to secure the payment of the note. This suit was brought October 23, 1899, but the note had been renewed and was not subject to limitation. The note sued on and the deed of trust were given in the place of and to take up a note for the same amount and a deed of trust executed August 20, 1887, by the appellee in favor of one Valentine Kadlecek for money

loaned by Kadlecek to appellee, which the appellant took up at the request of appellee.

There is no contention that the lot with the brick house thereon situated was not the business homestead of the appellee as a printer and publisher of a newspaper on September 1, 1892, when the note sued on and its deed of trust were executed. It is claimed, however, that it was not the homestead at the time of the execution of the Kadlecek note and deed of trust, of which the note and deed of trust sued on were a renewal; or that if the lot had ever been the business homestead of the appellee, it, either at the time of the execution of the Kadlecek note and deed of trust or supsequently thereto, had been abandoned as such, and that the Kadlecek deed of trust was valid when executed, or made valid by a subsequent abandonment of the property as a homestead. It is also claimed by the appellant that the appellee is estopped to assert the invalidity of the lien by reason of representations made to the appellant when he obtained the loan from him. In the year 1890 Kadlecek demanded of the appellee payment of the note. The appellee being unable to pay the same, applied to appellant to take-it up. He represented to the appellant that it was a good note, well secured by a deed of trust on his brick building worth three times the amount of the note, and told him that he was carrying on his printing business in the Fink building. The appellant told the appellee to see his attorney, Rosenthal, and whatever he did would be satisfactory to appellant. Appellee saw Rosenthal, who advised the loan. Rosenthal testified that Lidiak represented to him that he had another homestead at the time, or he would never have advised the loan to him; that at the time of the purchase of the note by Kadlecek, Lidiak had an office in a building called the old Fink corner. He further testified, however, that he relied on Lidiak's statements for the reason that he himself knew of all the circumstances connected with his property, and that he did not then use and had not for years prior to that time, used the lot in controversy as a place of business. Letzerich testified that when Lidiak requested him to take up the note he told him it was well secured by the property in question, and said he had a homestead elsewhere. He said: "I told him to see Mr. Rosenthal, and if the matter was as represented and he approved it, the matter will be all right and that he could get the money." Mrs. Lidiak was not present at the time of any of these conversations.

In the year 1881 Lidiak built the house on the lot in controversy. He moved into it as soon as it was completed, and began therein the publication of a newspaper and continued it until the latter part of the year 1884. In 1884 he sold his newspaper to one Cada, who continued its publication in the building, which was rented to him for that purpose by Lidiak, but Lidiak reserved a portion of the building and kept therein a job press and printing material and carried on a job printing business during the years 1884, 1885, 1886, 1887 and 1888. A new

job press was bought by him in April, 1887, and he bought printing material from time to time during these years and did job printing. But, as appeared from the evidence, the appellee took employment as a deputy in the office of the county clerk from April 1, 1885, until January 1, 1886, and was constantly engaged during that time at his duties as deputy county clerk during the working hours of the day. On February 1, 1886, he was appointed deputy internal revenue collector, which office he held about three years, and held it at the time he executed the Kadlecek deed of trust. His duties as internal revenue collector occupied about half his time, and he had a separate office rented for occupation as such. But he kept his job printing press and material in his brick building and did work therein as a job printer during the years 1885, 1886, 1887 and 1888, having reserved room therefor when he rented it. The newspaper moved out of the building in December, 1888, and in January, 1889, appellee moved his job printing outfit into an office in the Fink building and rented out his own, which was occupied as a feed store. It was thus occupied for three years. Appellee moved back into the building in January, 1892, and commenced publishing a newspaper therein. At the time that appellant advanced the money and took up the Kadlecek note, appellee did not occupy the building, but at the time of the execution of the note and deed of trust sued on he occupied it as a printer and publisher of a newspaper.

We shall not take up and pass on the assignments of error and dispose of them as they are presented in the brief of appellant, because from the undisputed facts in the case no other judgment could have been rendered than the one that was rendered. Instead of submitting the case to the jury upon charges that have been assailed as erroneous by the appellant, the court might have directed a verdict in favor of the appellee upon the issue as to homestead. The fact that at the date of the execution of the note and deed of trust sued on the lot in controversy was occupied by the appellee as his business homestead is not controverted by the appellant, but it is claimed by him that the lien refers back to and takes effect as of the date of the deed of trust given to secure the Kadlecek note, to wit, August 20, 1887. But on that date, as we have seen, the premises were occupied by the appellee with his job printing business. It is undisputed that the appellee built upon the lot and commenced occupying it as a business homestead in 1881, and the question is, had he abandoned it as such on August 20, 1887, when the Kadlecek deed of trust was executed. There is no evidence to show that he had, but on the contrary it appears that he had not. Since the lot was the business homestead at the time of the execution of the deed of trust, that instrument was utterly invalid, conferred no lien, and was incapable of being given any force by any subsequent abandonment of the premises as a homestead, if in fact it had been abandoned. Const., art. 16, sec. 50; Inge v. Cain, 65 Texas, 75; Hays v. Hays, 66 Texas, 608. The facts do not constitute an estoppel, even if validity could be

given by estoppel in any event. When Letzerich was applied to for the loan he referred the appellee to his attorney, and the attorney advised it upon his own knowledge of the circumstances attending appellee's use of the premises. The evidence utterly fails to raise any issue of subrogation to the lien of any part of the purchase money for the lot. There being no error in the judgment, it will be affirmed.

*Affirmed.*

Writ of error refused.