**STANOLIND OIL & GAS CO. v. LAMBERT.**

No. 11962.

Court of Civil Appeals of Texas.
San Antonio.

June 15, 1949.

A. W. Bounds, William M. Wolf, Houston, for appellant.

L. B. Cooper, Cotulla, for appellee.

NORVELL, Justice.

The Stanolind Oil and Gas Company has appealed from a judgment rendered against it in favor of C. F. Lambert for the destruction of two of Lambert's water wells. Trial was to the court without a jury and findings of fact and conclusions of law were requested and filed. The trial judge concluded that the doctrine of res ipsa loquitur was applicable to the case and based the judgment thereon.

Appellant, among others, presents the contention that the evidence is insufficient to support a recovery under the doctrine relied upon and consequently the judgment must be reversed.

The following statement is based upon the trial court's findings:

The appellee, Lambert, was the owner of two water wells approximately 200 feet in depth. Both wells had been used more than six years. On May 1, 1948, the appellant's agents and servants, while operating a seismograph and doing exploratory work

in locating geological structures that might produce oil, drilled three test holes approximately 100 feet deep along a road adjacent to appellee's property. One of the holes was 600 or 700 feet from one of appellee's wells, and another of said holes was 600 or 700 feet from appellee's other well. The appellant discharged three shots of explosives in each of the holes, "consisting of from ten to fifteen pounds of dynamite or other high explosive per shot;" and "such shots fired at such depths of such quantity and under the circumstances shown will test sands to the depth of 10,-000 feet." The sub-surface sands in the vicinity of appellee's property are fine sands and easily shaken and disturbed. Immediately after said shots were fired both of appellee's wells sanded up and thereafter failed to produce water of any value and were destroyed. The location of the test holes and the firing of the shots were wholly under the control and management of the appellant and "it is so unusual for wells such as plaintiff's (appellee's) to have been in existence for the time these wells are shown to have been existing, producing water in abundance, for both of them to suddenly cave, sand up and be destroyed simultaneously, that in the very nature of things such occurrence must have been produced by negligent acts of the defendant (appellant) in the firing of said shots or in the location of said shots in close proximity to plaintiff's said water wells." The trial judge concluded as a matter of law that the appellee was entitled to recover judgment against the appellant for the sum of $971 under the doctrine of res ipsa loquitur.

▮ The asserted liability of appellant to appellee must be based upon negligence. In the case of Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, 224, Chief Justice Cureton, speaking for the Supreme Court, made the following statement: "The storage and use of explosives is clearly within the rule of absolute liability laid down in Rylands v. Fletcher (L.R. 3, H.L. 330); but, as to these, we have also changed from the common-law rule, and predicate liability upon negligence, in the absence of controlling statutes or facts so

obvious as to constitute a nuisance as a matter of law. 19 Tex.Jur. p. 458, § 4; p. 459, § 5; p. 461, § 7; p. 462, § 8; p. 464, § 9."

▮ Proof of the fact that appellee's wells sanded up immediately after the appellant had set off certain charges of explosives is insufficient of itself to establish liability. In the case of Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ. App., 140 S.W.2d 491, 492, it appeared that appellant's seismograph crew set off a charge of explosives in a 46-foot hole within 150 feet of appellee's cistern. The explosion caused a vibration which broke the plastered walls of the cistern and resulted in the loss of water stored therein. The Eastland Court of Civil Appeals reversed a judgment in favor of the owner of the cistern and, speaking through Mr. Justice Grissom, said: "Negligence was certainly not shown as a matter of law, and we are of the opinion that the evidence was insufficient to have authorized a finding of negligence by the jury had the issue been submitted."

▮ In cases of this kind the doctrine of res ipsa loquitur cannot be given such broad application as to permit negligence and proximate cause issues to be inferred simply from the setting off of an explosive charge and damage to a well or cistern. It was stated in Standard Paving Co. v. McClinton, Tex.Civ.App., 146 S.W.2d 466, 468, an explosives case, that, "Proof of the happening of an accident constitutes no proof of negligence."

The above quoted statement seems to be in accord with the rule generally followed in the United States. It is said in 22 Am. Jur. 214, § 96, that: "Where injury is caused by concussion or vibration in blasting, negligence will not be presumed from the mere occurrence of such concussion or vibration, and the burden is on the claimant to make it appear, having regard to the place and the surroundings, that the explosion was unnecessarily violent and carelessly prepared for."

In 35 C.J.S., Explosives, § 11, 255, it is also stated that: "Persons suing for injury resulting from blasting have, in gen-

eral, the burden of proving negligence, and the mere fact that blasting causes injury on adjacent premises gives rise to no presumption that the blasting was negligently done, and does not require the application of the doctrine of res ipsa loquitur, although the doctrine may be invoked in a proper case; and, where the evidence of the results and surrounding circumstances of a blast shows that under ordinary circumstances such a result could not have occurred unless the blast was negligently performed, a prima facie case of negligence is made out."

■ There seems to be no Texas case in which the doctrine of res ipsa loquitur has been held to support a judgment in a case involving the use of explosives and resultant damage to real property. In Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636, it was held that the doctrine was not applicable because of the pleadings involved. Under a proper set of fact circumstances, the doctrine could undoubtedly be relied upon. 22 Am.Jur. 212, § 95, although in most cases it would afford a rather indirect approach to the fixing of liability. As stated in the quotation from Corpus Juris Secundum, it is a necessary prerequisite to the application of the doctrine that it be shown that the results complained of would not have ordinarily occurred, except for negligence. It was stated by our Supreme Court in Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 665, a leading case dealing with res ipsa loquitur, that: "It is evident from the rule as stated, and is held to be a fact necessary to invoke the rule, that the thing which caused the injury complained of must be under the management or control of defendant, *and the accident must be such as in the ordinary course of things does not happen if those who have the management or control use proper care.*" (Citing numerous authorities.) (Italics ours.)

■ It is in the particular mentioned that appellee's proof is deficient. We have carefully read the entire statement of facts in the case and find no evidence therein relating to the usual and ordinary course of operations in doing exploratory work with a seismograph in geological structures such as that here involved. There must be a standard shown before a departure from that standard may be inferred from occurrences which result in damage. In a case such as this, the matter is one for proof and can not be supplied by common knowledge, as it is in some res ipsa loquitur cases. We do not judicially know the details of exploratory operations by use of a seismograph, so that we can say that damage to appellee's wells indicates a departure from the norm and raises an inference of negligence. See, Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com.App., 298 S.W. 554. Obviously, any attempt to do so upon the record before us would be to run counter to the holding of Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491, and, in effect, hold appellant liable as an insurer.

As findings and conclusions were requested, the judgment must stand or fall upon the conclusion that a recovery was authorized under the doctrine of res ipsa loquitur. For the reasons stated, it is our opinion that the judgment can not be sustained upon the theory relied upon and a reversal must be ordered.

Other matters raised in the briefs need not arise upon another trial of the case. The matter of pleading the doctrine of res ipsa loquitur is discussed fully in Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659. See also, Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445.

The judgment appealed from is reversed and the cause remanded for new trial.