**McKAY et ux. v. KELLY.**

**No. 9868.**

Court of Civil Appeals of Texas. Austin.

April 5, 1950.

Rehearing Denied April 19, 1950.

118

Spann & Spann, of San Antonio, for appellant.

Carl Wright Johnson, of San Antonio, Birkhead, Beckmann, Stanard, Vance & Wood, of San Antonio, Scott, Wilson & Cureton, of Waco, and Frank M. Wilson, Waco, for appellee.

HUGHES, Justice.

Scott McKay and wife, Helen McKay, appellants, sued W. A. Kelly, doing business as Kelly Construction Company, for damages to their property alleged to have been caused by blasting done by appellee in his operation of a nearby caliche pit. Injunctive relief was also sought.

When appellants rested their case, the court, upon appellee's request, instructed the jury to return a verdict for him. Upon this being done judgment was rendered denying appellants any relief.

The controlling issue before the court is stated by appellee in his brief as follows: "The issue made by appellee and the basis for the trial court's judgment was that *there was no evidence in the record as to appellee's negligence.*"

Appellants pleaded the negligence of appellee in general terms only. They alleged that he set off "high and powerful explosives and blasts" which produced "injurious tremors and vibrations" and caused "violent shocks" in the earth underlying their premises and improvements which resulted in the cracking and breaking of their land and the improvements situated thereon.

The evidence shows that appellants' improvements were some 1,200 feet, more or less, from the caliche pit operated by appellee; that numerous explosions were heard and seen emanating from this pit; that some of the explosions were not loud and caused no tremors or shocks, but that immediately following or simultaneously with other and louder explosions the earth shook, appellants' improvements vibrated, the chimney and walls cracked, objects fell from shelves and cabinets, window panes were broken, doors and windows became hard to open, the chimney smoked, and many other signs of damage appeared.

There was no evidence that there was a physical invasion of appellants' premises by rocks, debris or other matter.

There was no evidence of the quantity of explosives used by appellee and it is this lack of evidence which he claims to be fatal to appellants' suit. The cases relied upon by appellee will be discussed.

Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, is cited for the rule that in the storage and use of explosives the rule of absolute liability does not prevail in Texas but liability must be predicated upon negligence.

We concede this to be the law but it is inapplicable here because appellants seek to base liability upon negligence.

Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App. Eastland, 140 S.W.2d 491 (Writ Dis.), was a suit originating in the justice court. Recovery for damages to a cistern, alleged to have been caused by vibration after setting off a heavy charge of explosive in a nearby hole 46' deep, was sought.

The court held that negligence must be proved, basing its opinion principally upon the Big Lake case, supra, and Comanche Duke Oil Co. v. Texas P. Coal & Oil Co., Tex.Com.App., 298 S.W. 554.

Neither in the Indian Territory case nor in the Comanche Duke case was the doctrine of res ipsa loquitur discussed. In the Comanche Duke case recovery was allowed for damages done to an oil well by the discharge of a large amount of nitro glycerin in a nearby well. There was no need there to discuss or apply the rule of res ipsa loquitur because of the presence of proof of specific acts of negligence.

Standard Paving Co. v. McClinton, 146 S.W.2d 466, 468, also by the Eastland Court of Civil Appeals, no writ applied for, was a suit for damages to a residence alleged to have been caused by blasting stumps on a nearby road. Judgment for plaintiff was reversed and remanded for trial errors, but the court said that "in cases of this character it is necessary for a plaintiff to allege and prove negligence." Res ipsa loquitur was not mentioned.

Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636, 639, was a blasting case and the court held that the rule of res ipsa loquitur was inapplicable, saying: "* * * In this case if plaintiffs had alleged generally that the defendant set off the blast and that the claimed damages to them proximately resulted therefrom, leaving negligence to be inferred from the fact of such blast we would be confronted with res ipsa loquitur. But they are not content so to pitch their case. They follow up their charge that the defendant set off the blast with an allegation of the specific acts which they say made it an act of negligence. Hence res ipsa loquitur is not in the case."

The last case cited by appellee is Stanolind Oil & Gas Co. v. Lambert, 222 S.W.2d 125, 127, by the San Antonio Court of Civil Appeals, no writ applied for. Suit there was for damages for the loss of two water wells alleged to have been caused by explosions set off by defendant in three test holes about 100' deep. Judgment of the trial court was for plaintiff and was based upon application of the rule of res ipsa loquitur. This judgment was reversed and remanded by the Court of Civil Appeals, the court relying upon the cases discussed above as well as 22 Am.Jur., 214, Sec. 96, and 35 C.J.S., Explosives, Sec. 11, p. 255. The San Antonio Court makes this observation in its opinion: "There seems to be no Texas case in which the doctrine of res ipsa loquitur has been held to support a judgment in a case involving the use of explosives and resulting damage to real property. * * * under a proper set of fact circumstances, the doctrine could undoubtedly be relied upon."

The court then proceeded to hold that the proof was deficient in failing to show that the accident was such as in the ordinary course of things does not happen if those who have the management or control use proper care.

We do not consider American Jurisprudence or Corpus Juris Secundum as stating the rule to be that under no circumstances can the doctrine of res ipsa loquitur be applied to explosion cases. Each text, as well as the Lambert case, concedes that it is applicable in a "proper" case. A "proper" case in our opinion is one which falls within the principles and requirements of the rule. The rule is briefly and admirably stated by Judge Brewster in Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 969, 160 A.L.R. 1445, as follows: "Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would

not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer."

It is apparently conceded that appellee was in exclusive control of the blasting operations and hence the second requisite of the rule is met.

We are unable to find any direct evidence in the record establishing the first requirement of the rule. This is a matter which, in many cases, has been assumed as a matter of common knowledge. See 26 Tex. Law Review, p. 260-263, for an excellent discussion of the problem and for list of authorities in which the general knowledge of the court and jury was relied upon to establish this element of the rule.

■ We believe it to be a matter of general knowledge that blasting by the use of explosives will not cause damage to adjacent property unless negligently conducted. Witness the many excavations in large cities for the construction of buildings, houses, streets, sewer and water lines and for other purposes in which the use of high explosives is made as a matter of course and without the slightest damage to adjacent or nearby property.

■ In Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 663, the court approvingly quoted the following from 45 C.J., p. 1200: " 'The doctrine of res ipsa loquitur, now a familiar rule of practice in the trial of negligence cases, which is frequently recognized and applied without specifically naming it is not a rigid or arbitrary formula but a rule that adjusts itself to circumstances. However, as it is not the naked injury but the manner and attending circumstances of the accident that justify the application of the doctrine in an action for the negligent breach of an ordinary duty, it follows, as a matter of course, that the applicability of the doctrine must depend upon the peculiar facts and circumstances of each individual case.' "

■ We believe the facts and circumstances of this case make the applicability of the rule of res ipsa loquitur very appropriate. If a person in, say, blasting stumps sets off an explosion which levels his neighbor's house several hundred feet away, it would be rather ridiculous to require proof of the exact amount of explosive used in order to show that he used too much.

For the reasons stated the judgment is reversed and the cause remanded.

Reversed and remanded.