Fritz **KLOSTERMANN** et al., Appellants,

v.

**HOUSTON GEOPHYSICAL COMPANY,**
Appellee.

No. 13366.

Court of Civil Appeals of Texas.

San Antonio.

July 2, 1958.

Rehearing Denied July 30, 1958.

Orrin W. Johnson, Cox, Wagner, Adams & Wilson, Harlingen, for appellant.

Gibbon, Klein & Ferrero, Harlingen, Vinson, Elkins, Weems & Searls, C. E. Bryson, Ben H. Rice, III, Houston, for appellees.

POPE, Justice.

Plaintiffs, Fritz Klostermann and Chester Johnson, sued Houston Geophysical Company for damages they claim that defendant did to their homes when it performed seismographic operations in connection with its mineral explorations. The trial court sustained exceptions to plaintiffs' pleadings, which asserted a cause of action grounded solely upon liability without fault. Defendant urged and here insists that damages resulting from seismographic operations must, in Texas, be grounded upon negligence. The basic question before the Court is whether in such operations Texas follows or will follow the rule of liability without fault or the rule of negligence. Plaintiffs originally alleged, as a basis for recovery, that defendant was negligent, but they took a non-suit with respect to those allegations. That left in this case allegations of strict liability, grounded upon theories of nuisance, trespass and the taking of property.

According to the pleadings, on December 10 and 11, 1956, defendant discharged a series of high explosive charges on lands owned by plaintiffs' neighbors, just west and across a highway from their own homes. On December 10, defendant discharged an explosive as close as three hundred feet from plaintiffs' homes. On December 11, defendant discharged a very heavy charge of explosives at a point about one thousand feet from the Klostermann residence, causing tremors and vibrations which damaged plaintiffs' hollow tile masonry homes. There were other residences, water wells, and farm buildings in the general area.

Strict liability has been repudiated in strong language in Texas. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293; Cosden Oil Co. v. Sides, Tex.Civ.App., 35 S.W.2d 815. The language of Turner v. Big Lake Oil Co., has been severely criticized on the basis of its dicta because it did not understand what was held by the classic case of Rylands v. Fletcher, L.R. 3, H.L. 330 (1868), and because Texas yet recognizes the doctrine of strict liability under the

name of nuisance. Green, Hazardous Oil and Gas Operations, 33 Tex.L.Rev. 574; Prosser, Nuisance Without Fault, 20 Tex. L.Rev. 399.

Dicta vel non, criticism or not, an imposing group of cases manifest that there is no tender regard in Texas for a rule which would include cases of isolated explosion within the orbit of Rylands v. Fletcher, whether we name it absolute liability, nuisance, or something else. Kelly v. McKay, 149 Tex. 343, 233 S.W.2d 121; Universal Atlas Cement Co. v. Oswald, Tex.Com.App., 138 Tex. 159, 157 S.W.2d 636; Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com.App., 298 S.W. 554; Dellinger v. Skelly Oil Co., Tex.Civ.App., 236 S.W.2d 675; Stanolind Oil & Gas Co. v. Lambert, Tex.Civ.App., 222 S.W.2d 125; Crain v. West Texas Utilities Co., Tex.Civ.App., 218 S.W.2d 512; Seismic Explorations v. Dobray, Tex. Civ.App., 169 S.W.2d 739; Standard Paving Co. v. McClinton, Tex.Civ.App., 146 S.W.2d 466; Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491; City of Dallas v. Newberg, Tex.Civ.App., 116 S.W.2d 476. See also, Stanolind Oil & Gas Co. v. Giles, 5 Cir., 197 F.2d 290.

Mr. Justice Norvell in Stanolind Oil & Gas Co. v. Lambert, supra, epitomizes the present state of the law [Tex.Civ.App., 222 S.W.2d 126]: "The asserted liability of appellant to appellee must be based upon negligence. In the case of Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, 224, Chief Justice Cureton, speaking for the Supreme Court, made the following statement: 'The storage and use of explosives is clearly within the rule of absolute liability laid down in Rylands v. Fletcher (L.R.3, H.L.330); but as to these, we have also changed from the common-law rule, and predicate liability upon negligence, in the absence of controlling statutes or facts so obvious as to constitute a nuisance as a matter of law.'"

In our opinion, the Texas law in such cases is already well along the path which requires proof of fault, and, moreover, we are unconvinced that that trend is the less desirable direction for the law to pursue. Many text writers hold that the theory of liability without fault, even in blasting cases, is a reversion to an outmoded law and that its adoption in explosion cases would be a step backward to primitive conceptions of an earlier century. Smith, 33 Harvard Law Review, 542, 550, 552; Pollock's Law of Torts (10th Ed.), 505, 511, 671; Ames, 22 Harvard Law Review. See Reynolds v. W. H. Hinman Co., 145 Me. 343, 75 A.2d 802, 20 A.L.R.2d 1360.

Equally distinguished writers prefer the rule of liability without fault in blasting cases. Professor Summers vigorously espouses the rule that liability should be grounded upon nuisance. 4 Summers, Oil and Gas (Perm.Ed.) § 661. Professor Green condemns a rule which would not hold those engaged in dangerous enterprises strictly liable, 33 Tex.L.Rev. 574. He demonstrates that Texas, on such high authority as the Supreme Court, has declared by dicta that it rejects the rule of absolute liability stated in Rylands v. Fletcher, L.R. 3, H.L. 330 (1868); yet, in some instances, it still achieves the same result by changing the name of strict liability to nuisance. Professor Prosser votes with that distinguished group. 20 Tex.L.Rev. 399.

What pressing reasons clamor for adoption of the rule of liability without fault, and the abandonment of the rule of negligence? In our opinion, there is no need for the rule of liability without fault. In fact, there was no need for such a rule even in the case of Rylands v. Fletcher, where the court spoke, though hazily, about negligence. Professor Bohlen wrote that the test of "due care according to the circumstances" was generally "sufficient to carry the case to the jury." 59 Univ. of Pa. L.Rev. 423, 233–439. Apparently, in the several cases which have arisen in Texas, the familiar format of a negligence case was enough for the claimants. Judged either by the difficulty of the proof or the

seriousness of the injury, the negligence issues in blasting cases present no more difficulties than frequently exist in an automobile injury case when the best witnesses are killed.

In the appropriate case, and when pleaded correctly, any difficulty of proof is eased by invoking the doctrine of res ipsa loquitur. "In Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636, it was held that the doctrine was not applicable because of the pleadings involved. Under a proper set of fact circumstances, the doctrine could undoubtedly be relied upon, 22 Am. Jur., 212, § 95, although in most cases it would afford a rather indirect approach to the fixing of liability." Stanolind Oil & Gas Co. v. Lambert, Tex.Civ. App., 222 S.W.2d 125, 127.

Critics of the negligence rule as applied to blasting cases, without saying so, infer that the wronged party is helpless. This is more a matter of language than logic, however. The essence of the argument for the strict liability is summarized in 4 Summers, Oil and Gas, § 661:

"If the courts in oil and gas producing states should follow the New York rule, the seismograph operator would never be liable for injury to person or property resulting from vibration or concussion in absence of a showing that the operator was negligent in doing the work. Under this rule the blasting would not be considered wrongful in itself, even though it destroyed every building in the neighborhood, if such blasting was necessary to test the operator's land for mineral structure, and liability would only arise if the work be done in such a manner as to cause unnecessary damage. Under the application of this rule the utility of the operator's act is permitted to completely dominate the situation, and the injury to neighboring owners is unredressed. It would be little consolation for them to know that their buildings and improvements have been destroyed with due care and in scientific manner."

These horrendous results, thus assumed at face value, are terrifying; but concealed within the statement is the admission: "in the absence of a showing that the operator was negligent in doing the work." When plaintiff's buildings are blasted down, he is in a strong position to show that there was neither due care nor a scientific manner of operation. As a practical matter, the practitioner would recognize the case as a "good lawsuit," and the fact that the blaster did what he did, where he did it, how he did it, and when he did it, with such devastating results is a situation greatly to be desired by plaintiff's negligence lawyer.

Just when does a practice become "hazardous," or "ultrahazardous?" A speeding drunk who crashes into children at a school crossing creates an ultra hazardous situation. Should his conduct be tested by liability without fault, because it was so unfair to the helpless children? A fire which may burn down the neighborhood is kept within the negligence orbit. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, 223; Clarendon Land, Investment & Agency Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105; Id., 89 Tex. 483, 34 S.W. 98, 35 S.W. 474, 31 L.R.A. 669; Missouri Pacific Ry. Co. v. Platzer, 73 Tex. 117, 11 S.W. 160, 161, 3 L.R.A. 639; 19 Tex.Jur., Fires, §§ 2, 5. The destruction of buildings by the removal of lateral support is compensable under the rules of negligence. Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com.App., 298 S.W. 554; Simon v. Nance, 45 Tex.Civ.App. 480, 100 S.W. 1038. See, Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399; 1 Am.Jur., Adjoining Landowners, § 33. Most oil and gas operations are hazardous in greater or less degree. The driller pounds and prods into great unknown depths, amid tremendous pressures, and wells sometimes explode, blow out, or crater. Nevertheless, there often is a duty to drill rather

than not to drill, despite these hazards. These operations, though equally disastrous and dangerous, have been successfully catalogued as negligence matters. Elliff v. Texon Drilling Co., 146 Tex. 575, 210 S.W.2d 558, 4 A.L.R.2d 191.

To call seismographic operations "hazardous," everywhere and always, does not make them so and does not prove the need for liability without fault upon the operator. A strong case could be made out to prove that the widespread oil and gas seismographic operations in Texas have produced and tend to produce less and smaller damages to life and property than does the modern expressway.

This Court has held that it does not judicially know the details of seismographic operations, nor that negligence is present. A fortiori we refuse to hold that such operations generally are ultra hazardous. Stanolind Oil & Gas Co. v. Lambert, Tex.Civ.App., 222 S.W.2d 125. "That the danger depends upon the size of the explosive discharge is obvious, and where the amount of the explosive used is so small that it will not cause a shock great enough to do more than set up vibrations, and not great enough to amount to blasting, such operations cannot be called intrinsically dangerous." Seismic Explorations v. Dobray, Tex.Civ.App., 169 S.W.2d 739, 742.

Would the law be improved by subjecting seismographic operations to the rule of liability without fault? In our opinion, problems of practice would be enlarged. When does a practice cross the line and become hazardous? How deep or how shallow must the charge be set? Is 300 feet, 500 feet, or 1,000 feet so close as to invoke the strict liability rule? Is a nitroglycerin charge of three pounds, five pounds, twenty-five pounds, enough to invoke the rule? How populous must the surrounding area be? Where is the line between the danger which calls for care and the "extra" hazard? See, Thayer, 29 Harv.L.Rev. 801, 811. It would seem that these and like circumstances are better answered by and more readily fall within cases submitted under a negligence theory.

One final argument is that the same courts which reject the idea of Rylands v. Fletcher, yet recognize that there is a field into which they sometimes throw cases by changing the name from strict liability to nuisance. Turner v. Big Lake Oil Co., supra; Texas & Pacific Ry. v. O'Mahoney, Tex.Civ.App., 50 S.W. 1049; Id, 24 Tex. Civ.App. 631, 60 S.W. 902; Prosser, Nuisance Without Fault, 20 Tex.L.Rev. 399. Several cases hold that vibrations may amount either to actionable nuisance or a taking of property. Gainesville, H. & W. R. Co. v. Hall, 78 Tex. 169, 14 S.W. 259, 260, 9 L.R.A. 298; Orsinger v. Schoenfeld, Tex.Civ.App., 269 S.W.2d 561; Missouri, K. & T. Ry. Co. of Texas v. Anderson, 31 Tex.Civ.App. 121, 81 S.W. 781, 787; Missouri, K. & T. Ry. Co. of Texas v. Calkins, Tex.Civ.App., 79 S.W. 852.

In each of those cases the Courts contemplated a continuing or recurring condition. In the instant case the blasting started on one day, was concluded the next, and that was all. In decisions denying the right to recover, a distinction has been drawn between the appropriation of property to a permanent use and temporary acts which are resorted to in the course of adapting property to some lawful use." 22 Am.Jur., Explosions and Explosives, §§ 51, 52; Booth v. Rome, W. & O. Terminal R. Co., 140 N.Y. 267, 35 N.E. 592, 24 L.R.A. 105; 66 C.J.S. Nuisances § 18d. Nuisance is defined in 1 Harper and James, The Law of Torts, § 1.23: "There are three distinct meanings of the term nuisance: (1) a species of offense against the public which is punishable as a crime; (2) a disturbance of the use and enjoyment of property by interference with certain easements, profits and servitudes; (3) a more or less continuous interference with the use and enjoyment of property by causing or permitting the escape of deleterious substances or things, such as smoke, odors, noises, etc." The same writers state:

"Nuisance differs from those cases which fall within the rule of Rylands v. Fletcher in that, by the doctrine of nuisance as developed by the American courts, the damage is usually a continuing one rather than an isolated invasion of the plaintiff's interests."

We conclude that Texas is committed to the rule that seismographic operations fall within the tort field of negligence law, and that the better reasons argue against our return to the ancient rule of liability without fault.

The judgment is affirmed.