**SINCLAIR OIL & GAS COMPANY et al.**
(Rogers Geophysical Company),
Appellant,

v.

**Cheatom GORDON, Appellee.**

No. 10628.

Court of Civil Appeals of Texas.

Austin.

Dec. 10, 1958.

Orgain, Bell & Tucker, David J. Kreager, Beaumont, for appellant.

Houston Thompson, Silsbee, for appellee.

ARCHER, Chief Justice.

This is an appeal from a negligence suit for damage to a water well by seismograph explosion. Appeal is predicated basically on the lack of evidence to raise the sole issue of negligence submitted, the failure to submit a requested issue crucial to an understanding of the issue, and a lack of expert proof of damages.

Cheatom Gordon, here appellee, as plaintiff brought suit in the District Court, 88th Judicial District of Hardin County, against Sinclair Oil & Gas Company, the Atlantic Refining Company, and Rogers Geophysical Company, for damages to his water well allegedly resulting from seismograph operations on an adjoining tract of land.

Trial was had before a jury. The court granted an instructed verdict for the defendants Sinclair Oil & Gas Company and the Atlantic Refining Company but overruled the motion for instructed verdict of the defendant Rogers Geophysical Company. The case was submitted on eight special issues and in response to findings of negligence, judgment was rendered in appellee's favor for $2,000.

The appeal is founded on nine points assigned as error by the court: in overruling appellant's motion for an instructed verdict not withstanding the verdict of the jury, on the grounds that there was no evidence of probative value that appellant was guilty of negligence; in overruling defendant's objections to Special Issues Nos. 4, 5, and 6 because there was no evidence or the evidence was insufficient and of no probative value to raise the issue that appellant was negligent, or that the negligence of appellant, if any, proximately caused the damage alleged; that the court erred in failing to submit to the jury in the charge a definition of the technical term "too close"; in refusing to submit defendant's requested definition of said term; in refusing to strike the evidence of plaintiff as to the market value of the land; that the damages rendered were excessive, and in allowing plaintiff to reopen the case after all parties had rested and subsequent thereto when two of the original defendants had been dismissed from the case.

The case was submitted to the jury on eight issues: No. 1 inquired if exploratory operations were conducted, and the jury answered yes; conditional on an affirmative answer to issue No. 1, the jury was asked if the agents, etc. were acting within the course of their employment, and the answer was "Yes." In answer to Special Issue No. 3, inquiring if the exploratory operations injured plaintiff's well, the jury answered "Yes".

Special Issues Nos. 4, 5 and 6 are as follows:

"Special Issue No. 4: Do you find from a preponderance of the evidence that the exploratory operations were conducted too close to plaintiff's water well?

"Answer Yes or No.

"Answer Yes.

"If you have answered 'Yes' to the preceding special issue, you will answer the following special issue, otherwise, you need not answer same.

"Special Issue No. 5: Do you find from a preponderance of the evidence that such exploratory operation too close to plaintiff's water well, if you have so found, was negligence, as that term is defined herein?

"Answer Yes or No.

"Answer: Yes.

"If you have answered 'Yes' to the preceding special issue you will answer the following special issue; otherwise you need not answer the same.

"Special Issue No. 6: Do you find from a preponderance of the evidence that such negligence, if any you have found, was a proximate cause of the damage, if any, to plaintiff's land?

"Answer Yes or No.

"Answer: Yes."

We believe that the court erred to appellant's prejudice by refusing to give an appropriate definition of the term "too close."

The testimony of the plaintiff is that men in a truck conducted seismograph operations on October 23 and on October 27 his well went dry; that three separate charges of five pounds each were set off, one at a time; that he did not know how far from his well that the charges were set off, but the explorations were not on his land. The witness fixed the distance by pointing out an object and we have no way of determining such distance.

There was testimony as to other wells being damaged; water wells to be affected; muddy the waters by seismographic explorations near a water well sometimes half a mile away; that different charges were used; that it would take a charge of about fifty pounds to do damage.

This case was tried on the theory that defendant was negligent in exploding

charges too close to plaintiff's water well. There was no expert testimony, or other evidence shown or tending to show, a standard of care to be exercised by one engaged in the use of explosives.

■ Liability for damages produced through shock and vibrations turns upon the use or omission of due care in starting the vibrations or concussive waves.

■ There must be some expert, or other evidence by one acquainted with or having knowledge of the technique used as a standard procedure and a violation thereof before liability is shown.

Stanolind Oil & Gas Co. v. Lambert, Tex.Civ.App., 222 S.W.2d 125. In which case the court held that proof that wells sanded up immediately after certain shots were fired consisting of from ten to fifteen pounds of dynamite each was insufficient to constitute proof of negligence; that there must be a standard of care, and its violation. Dellinger v. Skelly Oil, Tex. Civ.App., 236 S.W.2d 675, er. ref., n. r. e.

In the instant case there was no expert testimony or even lay testimony as to the size of the explosions necessary to cause damage or the distances given as is essential in cases of this nature. Kelly v. McKay, 149 Tex. 343, 233 S.W.2d 121.

Since we are reversing and remanding this case because of the error in refusing to give a proper definition of the term "too close" we do not consider further the other points made by appellant, as the alleged errors will not likely occur on another trial.

It was incumbent on the Trial Court to give proper definition of the term "too close" because without a guide the jury would be left to speculate as to the meaning of the term. Universal Atlas Cement Company v. Oswald, 138 Tex. 159, 157 S.W.2d 636.

In Klostermann v. Houston Geophysical Company, Tex.Civ.App., San Antonio, 315

S.W.2d 664, the court wrote an exhaustive opinion and we believe correctly so on the question of liability without fault.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.

HUGHES, J., not sitting.