**HUMBLE OIL AND REFINING COMPANY, Appellant,**

v.

**John GRUCHOLSKI, Appellee.**

**No. 4201.**

Court of Civil Appeals of Texas.

Waco.

March 12, 1964.

Rehearing Denied April 2, 1964.

———◆———

Robert G. Carter, Marlin, Sam G. Reams, Houston, for appellant.

Thomas Bartlett, Jr., Reagan & Welch, Marlin, for appellee.

TIREY, Justice.

Plaintiff, Grucholski, brought this action for breach of contract against defendant for damages he claimed to have sustained to a 50 acre tract of land because of seismograph operations conducted thereon by defendant. Plaintiff alleged that in April 1960 defendant, acting through its agent, made an agreement with him that in consideration of plaintiff's permission for defendant to conduct seismograph operations on plaintiff's land, that defendant agreed to pay all damages that might be done to plaintiff's land as a result of such operations; that before said operations were conducted there was located on plaintiff's land a wa-

ter well which had been in continuous use for thirty years which furnished water for plaintiff's domestic use, and that immediately after defendant conducted such operations that, as a direct and proximate cause of such operations, such water well was rendered worthless, and in order to obtain water it was necessary for plaintiff to transport water to his premises at a reasonable cost of $200.00. He also alleged the reasonable market value of his property immediately before the blasting and the reasonable market value of the premises after the blasting and sought damages for this difference in market value. He alleged that all of these damages were the direct and proximate result of the seismograph operations; that he made demand upon defendant, and that it had failed to pay. Plaintiff's pleading does not state whether the contract was oral or written, but the only evidence introduced thereon was as to an oral contract. The defendant entered a general denial. At the close of the testimony the court overruled defendant's motion for instructed verdict, and the jury found substantially that about April 1, 1960, plaintiff's well was damaged by defendant, and that the reasonable cash market value of plaintiff's farm immediately before its damage was $5,500.00; that the reasonable cash market value of the farm immediately after the farm was damaged was the sum of $4,000.00, and that the damage to the well on the farm was not temporary. The court granted plaintiff's motion for judgment and decreed that he have judgment against defendant for the sum of $1500.00, with legal interest and costs. Defendant seasonably filed its motion for new trial and, it being overruled, perfected its appeal to this court.

The judgment is assailed on one point. It is: "The trial court erred in overruling and refusing appellant's motion for instructed verdict." Defendant, in his brief, says:

"At the trial plaintiff proved by the uncontroverted evidence that defendant

did not conduct seismograph operations on plaintiff's land, but instead conducted the same on the public road in front of his property."

Defendant filed motion for instructed verdict on the ground that plaintiff failed to show that he was entitled to recover from defendant under his contract, or as a result of negligence, and contends that since plaintiff failed to plead or prove negligence on the part of the defendant in the conduct of its operations off of plaintiff's premises, and there being no pleadings or proof of negligence on the part of defendant, that defendant's motion for instructed verdict should have been granted. Defendant relies on the doctrine announced in Klostermann v. Houston Geophysical Company, Tex.Civ.App., 315 S.W.2d 664, (w. ref.,) and cases there cited. In the foregoing case our San Antonio court gave a clear and comprehensive review of the leading Texas cases applicable to a tort situation, and said:

"We conclude that Texas is committed to the rule that seismographic operations fall within the tort field of negligence law, and that the better reasons argue against our return to the ancient rule of liability without fault."

Since our Supreme Court refused application for writ of error in the foregoing cause this opinion represents the last expression of our Supreme Court on the foregoing matter. In appellant's motion for instructed verdict we find the following allegation:

"The pleadings and the uncontroverted evidence in this cause show that defendant agreed with plaintiff that it would pay him for any damages caused by defendant's operations on plaintiff's land, and the uncontroverted evidence shows that defendant did not conduct any operations, seismic or otherwise, on plaintiff's land, but, on the contrary, conducted all of its operations on the public road in front of plaintiff's land. Since the operations were not conducted upon plaintiff's land, and did

not come under the contract between plaintiff and defendant for payment of damages for operations conducted on his land, it is necessary for the plaintiff to plead and prove negligence on the part of defendant in the conduct of its operations off of the plaintiff's premises in order to entitle plaintiff to recover from defendant for any damages occasioned by defendant's operations, * * *."

This motion was overruled by the trial court and we are in accord with the court's action thereon. We are in accord with defendant's statement that the evidence is uncontradicted that the Humble Oil and Refining Company made an agreement with the plaintiff whereby it obtained permission to conduct explorations on his land, and agreed with plaintiff to pay him for such damages resulting therefrom. It is also true that appellant did not actually bore the hole in which to put the explosive material on the plaintiff's land, but elected to bore the holes in the public highway as near the plaintiff's land as they could get on account of the fence line, and proceeded to carry out their explorations, which was done for the purpose of seismographing the plaintiff's land. The evidence is without dispute that appellant did actually conduct the explorations, and did seismograph plaintiff's land. The fact that appellant elected to put the holes for the explosives in the highway did not and could not by any rule of law exempt it from liability of the promise it made to the plaintiff to pay him for any damages resulting from the exploration. Since plaintiff agreed with appellant that it could conduct seismographic operations on his land, he had no control of appellant as to the exact place it might elect to conduct this particular operation. That selection was a matter of decision for appellant. Since appellant was under a contract to pay to plaintiff any damage resulting from the exploration it was unnecessary for plaintiff to allege negligent conduct on the part of the appellant. It is our view that the court correctly submitted the con-

trolling issues, and the verdict is supported by ample evidence, (See Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W. 2d 345) and the appellant has failed to show reversible error. Accordingly, the judgment of the trial court is affirmed.