Mrs. O. H. ROSKEY et al., Appellants,

v.

GULF OIL CORPORATION et al., Appellees.

No. 14501.

Court of Civil Appeals of Texas.

Houston.

Feb. 25, 1965.

Rehearing Denied March 18, 1965.

Charles C. Smith, Jr., Cameron, and Walter M. Hilliard, Caldwell, for appellants.

Murray G. Smyth, Houston, and James A. Gray, Caldwell, for appellee Taylor Exploration Co., Inc.

W. B. Edwards, John E. Bailey and D. D. Dent, Houston, for appellee Gulf Oil Corp.

WERLEIN, Justice.

Appellants brought this suit against Gulf Oil Corporation and Taylor Exploration Company, Inc., for damages to appellants' 54 acres of land situated in Burleson County alleged to have been caused by blasting operations conducted by appellees on adjoining lands in connection with seismograph operations conducted by appellees. Appellants alleged that by reason of such operations, their water well was damaged and the water was rendered unfit for household and domestic purposes. When appellants rested their case appellees moved the court to withdraw the case from the jury and render judgment for them. This appeal is from the order of the court granting such motion.

Appellants alleged in substance that appellees entered upon land adjacent to appellants' land, drilled holes into the ground to a depth of approximately 75 feet, and inserted therein charges of dynamite or other explosives in quantities unknown to appellants, but well known to appellees, and that the location of the test holes and exploding of the charges were wholly under the control and management of appellees. Appellants further alleged that their water well was injured and damaged as a proximate result of such explosions and consequent vibrations, and that the appellees committed such acts when they knew, or by the exercise of reasonable diligence should have known, that their operations in all reasonable probability would injure or destroy appellants' water well and fixtures, and that all of such acts constituted negligence and a proximate cause of such damage. Appellants did not plead any specific acts of negligence but in the alternative to their general allegation of negligence they pleaded res ipsa loquitur.

In determining whether it was proper for the court to take the case from the jury and render judgment, we must view the evidence in the light most favorable to appellants, and indulge against the action of the court every inference that may properly be drawn from the evidence, and if the record reflects any testimony of probative force in favor of the losing party we must hold the court's action improper. White v. White, 1943, 141 Tex. 328, 172 S.W.2d 295; Texas Employers Insurance Ass'n v. Boecker, Tex.Civ.App., 53 S.W.2d 327, er-

ror ref.; Hoover v. General Crude Oil Co., 1948, 147 Tex. 89, 212 S.W.2d 140.

We shall briefly set out the evidence which appears to be most favorable to appellants. Mrs. Budnik, who lived on a tract of land adjacent to appellants' property, testified in substance that about the middle of December, 1962, a man came to her saying he represented Gulf Oil Corporation and Taylor Exploration Company, and asked her consent to drill holes on her land, and agreed to pay $10.00 for each hole and any damage resulting therefrom. She was not home when the seismograph operations occurred, but when she got home she found at her door a check for $20.00 which she said appellees paid her.

Mr. Budnik's testimony was substantially the same, except that he testified the check they found was a $30.00 check from Gulf. He also testified that he found one hole about 20 feet and another hole about 5 feet from the boundary line between his land and appellants' land and that he saw a lot of mud and muddy water on the ground and all over the trees where there had been drilling. He further testified that he had not given permission to anyone except Gulf and Taylor to conduct seismographic operations on his land. He estimated the distance between the common boundary line and the Roskey home at 1000 yards. There is evidence that the well in question was located some 600 feet from the Roskey home, but there is nothing to show whether it was nearer or farther than 1000 yards from the holes drilled on the Budnik property.

Mrs. Roskey testified that she heard a terrible noise which came from the direction of the Budnik property and it shook her whole house and rattled her windows. The next morning she found that the water from her well had changed, and was dirty and not fit to use. She also testified as to the fine quality and quantity of the water before the blasting and that afterwards the water was and remained contaminated. She further testified as to the cost of the well and certain fixtures which she claimed had been ruined by the water.

Appellants' witness Hughes, who lived near the Roskey and Budnik tracts of land, testified that he knew they were conducting seismograph testing in that area; that he heard an explosion and that the vibrations caused his house to shake and the windows in his house to rattle, and that the next day after the blasting his well got all sanded up. He said his residence was approximately three-fourths of a mile from the Budnik property, and that the blast came from the general direction of the Budnik property. He also testified that he had to expend $70.00 for two filtering units to filter the sand out of his well water. He didn't know that the seismograph crew caused the blasting but he did know they were conducting seismograph operations in the general area, and that Taylor Exploration Company was doing the seismographing. He also testified that he knew the water piped in the Roskey home after the blasting was unfit for human consumption.

Mr. Nelson, who had drilled the Roskey well in May, 1961, testified the well was 277 feet deep and was equipped with a Gould's pump, and that it had good water and a lot of it; that in September, 1963, which was approximately nine months after the blasting, at the request of Mrs. Roskey, he went to the well site and that the water was then the worst water he had ever seen. It was his opinion that the changed condition in the water was due to another water coming in and that an explosion could cause another water to come in the well; and that in his opinion the sand was fractured allowing some other water to come into the sand. He also testified as to a log made when he drilled the well, the different strata penetrated, the cost of making the well and what it would cost to drill another well.

Appellants rely both upon negligence which was pleaded generally and upon the doctrine of res ipsa loquitur. In their argument before this Court appellants in effect conceded that if the decision of the San

Antonio Court of Civil Appeals, in Stanolind Oil & Gas Company v. Lambert, 222 S.W.2d 125, correctly enunciates the rule of law applicable to suits brought to recover damages growing out of seismograph operations, they have failed to establish liability. It is their contention, however, that the instant case falls within the holding of McKay v. Kelly, Tex.Civ.App., 229 S.W.2d 117, aff'd 149 Tex. 343, 233 S.W.2d 121, and similar cases. In the McKay case, the plaintiffs alleged negligence generally and also relied upon the doctrine of res ipsa loquitur. The Supreme Court held that there was some evidence which would sustain a finding of negligence on the defendant's part without applying the doctrine of res ipsa loquitur. The Court of Civil Appeals had indicated that such doctrine was applicable. In the McKay case the defendant used explosives in mining caliche. It was shown that simultaneously with the explosions in the defendant's caliche pit, which was between 700 and 1200 feet from the plaintiffs' premises, the whole premises were shaken, cracks appeared in the walls, chimney and fireplace of their home, objects were shaken out of a cabinet to the floor, a wall "buckled out," large "pieces of rock" fell off the rock walls of the home, and a fairly good-sized rock fell from the fireplace. Following the explosions, doors stuck, part of a wooden door was pulled apart, the floors sagged and were weakened, the garage was pulled away from the house, the corners of the downstairs rooms were pulled apart, a big crack appeared in the concrete porch, water in the wells became clouded, and the butane gas line burst.

It seems clear in the McKay case that since a tremendous amount of damage was done to the home simultaneously with the explosion some 700 to 1200 feet distant therefrom and the expert testimony was to the effect that an unnecessary amount of explosive had been used, there was some evidence which would have sustained a finding of negligence. The court held that one test of negligence in a case involving explosives is whether an excessive amount of explosives is used; that is, a quantity greater than was reasonably necessary in the blasting operations and greater than would be used by a person under the same or similar circumstances in the exercise of ordinary care in operating such a pit or quarry. Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636; Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com.App., 298 S.W. 554.

We agree that the doctrine of res ipsa loquitur may be applied to explosion cases under certain circumstances. McKay v. Kelly, Tex.Civ.App., 229 S.W.2d 117. In Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445, the rule is well stated as follows:

"Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer."

See also Yarbrough's, Inc. v. McNabb, Tex. Civ.App., 222 S.W.2d 274, writ ref., n. r. e.; Weingarten, Inc. v. Gauthier, Tex.Civ.App., 305 S.W.2d 181; Coca Cola Bottling Company v. Thomas, Tex.Civ.App., 263 S.W.2d 644, writ ref., n. r. e.; Montgomery Ward & Co. v. Scharrenbeck, Tex.Civ.App., 199 S.W.2d 830, aff'd, 146 Tex. 153, 204 S.W.2d 508.

■ It is our view, however, that the trial court properly refused to apply the doctrine of res ipsa loquitur under the facts and circumstances of the instant case. In this case the most that can be said is that there was a loud noise or blast and simultaneously with it appellants' house shook and the windows rattled. No damage resulted to the house, and, as far as the

record shows, no damage resulted immediately to appellants' well or fixtures. The next morning the water from the well was dirty. The evidence shows that the dirty water probably resulted from some other water getting into the water sand from which appellants had been pumping their water. There is no evidence as to where the sand was fractured, if it was in fact fractured. It might have been fractured near appellants' well, or, as far as the record shows, some distance therefrom. There is no evidence as to the distance from the holes drilled on the Budnik property to the Roskey well, although Mr. Budnik estimated the distance from such holes to the Roskey home at 1000 yards. There is no evidence as to the depth of the holes drilled on the Budnik property, or of the quantity or nature of the explosives used, or the depth at which such explosives were detonated. There is no expert or other testimony relative to the customary or usual manner of conducting such seismograph operations in geological structures such as involved in the present case, or as to the standard used in connection therewith, or that there was any departure from such standard. There is no evidence showing that the seismograph operations in question and the blasting were not conducted in the customary and usual manner, or according to the usual and accepted standards, or that the amount of explosives used was unreasonable or unnecessary, or that the loads of explosives used or the blasts therefrom were greater than customary, or that the accident would not have occurred in the absence of negligence on the part of appellees.

We have read the entire statement of facts and are of the opinion that the insufficiency of appellants' proof brings the present case within the rule enunciated in Stanolind Oil & Gas Co. v. Lambert, supra, wherein the court, speaking through Justice Norvell, said:

"It is in the particular mentioned that appellee's proof is deficient. We have carefully read the entire statement of facts in the case and find no evidence therein relating to the usual and ordinary course of operations in doing exploratory work with a seismograph in geological structures such as that here involved. There must be a standard shown before a departure from that standard may be inferred from occurrences which result in damage. In a case such as this, the matter is one for proof and can not be supplied by common knowledge, as it is in some res ipsa loquitur cases. We do not judicially know the details of exploratory operations by use of a seismograph, so that we can say that damage to appellee's wells indicates a departure from the norm and raises an inference of negligence. See, Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com.App., 298 S.W. 554. Obviously, any attempt to do so upon the record before us would be to run counter to the holding of Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491, and, in effect, hold appellant liable as an insurer."

■ In Klostermann v. Houston Geophysical Co., Tex.Civ.App., 315 S.W.2d 664, writ ref., the court, speaking through Justice Pope, concluded that Texas is committed to the rule that seismographic operations fall within the tort field of negligence law. The court cited Stanolind Oil & Gas Co. v. Lambert, supra; Seismic Explorations v. Dobray, Tex.Civ.App., 169 S.W.2d 739, and Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636. In the Lambert case the court said: "Under a proper set of fact circumstances, the doctrine (res ipsa loquitur) could undoubtedly be relied upon. 22 Am.Jur. 212, § 95, although in most cases it would afford a rather indirect approach to the fixing of liability." See also Sinclair Oil & Gas Company v. Gordon, Tex.Civ.App., 319 S.W.2d 170; Dellinger v. Skelly Oil Co., Tex.Civ.App., 236 S.W.2d 675, writ ref., n. r. e.;

**920**

Humble Oil & Refining Co. v. Grucholski, Tex.Civ.App., 376 S.W.2d 950, writ ref., n. r. e.

Although seismographic operations fall within the tort field of negligence, as concluded by the Court in Klostermann v. Houston Geophysical Co., supra, negligence in such cases might be established inferentially under a proper set of fact circumstances by invoking the application of the doctrine of res ipsa loquitur. In our opinion appellants' proof failed to establish a set of fact circumstances which would warrant the application of and reliance upon such doctrine.

Judgment affirmed.