Henry A. FORBES et ux., Plaintiffs,

v.

STATE FARM FIRE & CASUALTY CO., Defendant,

v.

DAY & ZIMMERMANN, INC., Third-Party Defendant.

Civ. No. 1299.

United States District Court,
E. D. Texas,
Texarkana Division.

Feb. 12, 1971.

---

Cahill Hitt, Hitt & Gayle, Inc., Texarkana, Tex., for plaintiffs.

Larry L. Gollaher, Thompson, Coe, Cousins, Irons & Porter, Dallas, Tex., for defendant.

John D. Raffaelli, Raffaelli, Hawkins & Carter, Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for third-party defendant.

JOE J. FISHER, Chief Judge.

The above-styled and numbered cause came on for trial at a regular term of Court, and the cause having been submitted to the Court and the Court having considered the pleadings, the evidence adduced at the trial, the comments of counsel, and the briefs filed by the respective parties, and having been fully advised on the premises, now makes and files its findings of fact and conclusions of law.

## FINDINGS OF FACT

### 1.

This is a civil action brought by Mr. and Mrs. Henry A. Forbes to recover from Defendant, State Farm Fire & Casualty Company under a home owner's insurance policy by reason of damages alleged to have been sustained by their residence following detonation of explosives at the Lone Star Army Ammunition Plant in Bowie County, Texas. State Farm then brought a third-party action seeking recovery over against Day & Zimmermann, Inc. which operated the munitions plant at all times material to this litigation under contract with the United States of America, which owned the plant.

### 2.

The explosions giving rise to this suit occurred on August 14, 1968, and May 12, 1970, while employees of Day & Zimmermann were disposing of waste explosives by intentionally burning them. Furthermore, all employees of Day & Zimmermann who handled or ignited the explosives in question were at all times material herein acting within the course and scope of their employment.

### 3.

On both August 14, 1968, and May 12, 1970, Day & Zimmermann had exclusive possession, management, custody and control of the explosives that detonated.

### 4.

Both of the explosions proximately caused damage to the residence of Henry A. Forbes and wife, Flora M. Forbes, located between McKnight Road and Farm Road 989, one and one-half miles north of Nash, Bowie County, Texas, and said damage was in the amount of $6,000.00.

### 5.

The two explosions and the resulting damages were not contributed to in any way by any act or omission of Henry A. Forbes, Flora M. Forbes, or State Farm Fire & Casualty Company.

### 6.

There was in existence on August 14, 1968, and May 12, 1970, for the benefit of Henry A. Forbes and Flora M. Forbes valid insurance coverage against damage to their dwelling caused by explosion, underwritten by Defendant as represented by the copy of its Policy No. 43–614444 received in evidence. All conditions precedent to liability on said policy were timely performed by Henry and

Flora Forbes or were waived by State Farm Fire & Casualty Company.

**7.**

■ On August 14, 1968, 3,915 pounds of explosives were to be burned, and 2,995 pounds of explosives were to be burned on May 12, 1970. A portion of each quantity burned in an ordinary manner, and the balance exploded. The Court finds that there was no evidence offered of any negligence on the part of Day & Zimmermann which would have caused the explosions of August 14, 1968, and May 12, 1970. Mere speculation as to the possible cause is not enough upon which to base liability.

## CONCLUSIONS OF LAW

**1.**

This Court has jurisdiction over both the subject matter and the parties to this litigation.

**2.**

State Farm Fire & Casualty Company is obligated by its contract of insurance and liable thereon to Henry A. Forbes and wife, Flora M. Forbes, in the sum of $6,000.00 with interest thereon at the rate of six percent (6%) per annum from the date of November 6, 1970, said date being the judgment date on said claim.

**3.**

■ It is well settled under Texas law that the doctrine of strict liability is not applicable to State Farm Fire & Casualty Company's tort claim for subrogation over against Day & Zimmermann, Inc. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221 (1936); Klostermann v. Houston Geophysical Co., 315 S.W.2d 664 (Tex.Civ.App.—San Antonio 1958, writ ref'd.); Roskey v. Gulf Oil Corp., 387 S.W.2d 915 (Tex.Civ.App. —Houston 1965, writ ref'd. n. r. e.). In view of the absence of any indication that Texas courts are leaning toward an extension of strict liability beyond the area of products liability, this Court is of the opinion that for it to embark upon such a broad expansion is presently unjustified, even though this may mean adhering to the "minority rule."

**4.**

■ The doctrine of res ipsa loquitur is not applicable to State Farm Fire & Casualty Company's negligence claim for subrogation over against Day & Zimmermann, Inc. This doctrine, as it exists in Texas has been succinctly stated:

> "Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer."

Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 969 (1944). However, there must be a standard of care shown before the doctrine may be invoked and a departure from that standard inferred from occurrences which result in damage. Stanolind Oil & Gas Co. v. Lambert, 222 S.W.2d 125 (Tex.Civ. App.—San Antonio 1949, no writ hist.). There has been no showing of such a standard in this case, nor even an indication of what a reasonable standard would be with regard to the disposal of explosives. On the other hand, there was testimony as to a specific breach of defendant's duty of due care in setting off the seismographic blast in the case primarily relied upon by State Farm, Stanolind Oil & Gas Co. v. Giles, 197 F.2d 290 (5th Cir. 1952).

**5.**

Accordingly, State Farm Fire & Casualty Company is not entitled to recover on its third-party claim over against Day & Zimmermann, Inc.· Final judgment will be entered in accordance herewith.